**In re CONSERVATORSHIP OF Helen M. KOCEMBA, Conservatee.**

No. C2–88–308.

Court of Appeals of Minnesota.

Sept. 27, 1988.

Robert W. Dygert, Minneapolis, for appellant Helen M. Kocemba.

Milton H. Bix, James Michael Crist, Minneapolis, for respondent Luana Webster.

Gail Rising, Minneapolis, for respondent and Former Sp. Conservator.

Kathryn T. Raidt, Jerome G. Raidt, Minneapolis, for respondent and Successor Gen. Conservator.

Heard, considered and decided by FOLEY, P.J., and NORTON and LESLIE,* JJ.

## OPINION

NORTON, Judge.

Helen Kocemba, conservatee, appeals from an order appointing a successor general conservator. Appellant contends that findings in reference to incapacity of the conservatee are unnecessary and superfluous in the case of a voluntary petition for appointment of a conservator, and that more evidence should have been allowed prior to the trial court's order. Luana Webster, former conservator, appeals from the order removing her as conservator of the estate. We affirm.

## FACTS

After Helen Kocemba's husband died in June 1985, she became confused and depressed. Her family, consisting of nieces and nephews and one sister, believed that she was unable to care for herself. Respondent Luana Webster was appointed the conservator of the person and estate of Helen Kocemba on December 18, 1985, based on her petition for appointment of general conservator made in November 1985. Prior to being appointed conservator, Luana Webster had enjoyed a close relationship with her aunt.

From December 1985 until the petition for removal was filed on June 8, 1986, much bickering occurred between Kocemba and Webster. The primary point of contention was that Kocemba wanted to return to her home and Webster believed that her aunt would be better off in a nursing home, where she had been living since fall 1985.

Along with the petition for removal of Luana Webster as conservator, Kocemba also filed a voluntary petition for the appointment of a successor conservator. A hearing on the petitions was held August 5–7, 1986. The court heard medical testimony from Drs. Mulvahill and Rosenbaum, witnesses for respondent. Both doctors testified that Kocemba exhibited signs of dementia and depression and that her recent memory was severely impaired. Both doctors concluded that Kocemba continued to need a conservator and could not live independently by herself. Kocemba offered no medical testimony regarding her present capacity.

There was much testimony by Kocemba's nieces and nephews who believed that her mental state had greatly improved since December 1985. Kocemba's relatives believed that she had good judgment and that

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

she understood what people were saying to her. The relatives also testified that Webster should be removed as conservator, because she ignored Kocemba's request to remove her from the nursing home, and because of the constant bickering between Kocemba and Webster.

No other hearing was held on this matter prior to the entry of the trial court's orders in December 1987. However, the trial court and the attorneys continued to correspond on this case and had several conferences. The trial court received several additional reports from the court appointed social service organization which was developing a plan so that Kocemba could be returned to her home. All reports filed with the court, pursuant to the trial court's request and Minn.Stat. § 525.61 (1986), stated that Kocemba was unable to care for herself at home, and and that she could not remember such things as shutting off the stove, taking medicine, and things which she had done a short time earlier. These reports stated that Kocemba would be able to live in her home if someone else lived with her and reminded her to do these everyday things.

On December 31, 1987, the trial court issued an order removing Luana Webster as conservator of Helen Kocemba, and ordered that a successor general conservator of the estate and person be appointed. In removing Luana Webster as conservator of the person and the estate, the trial court found that Webster's views of Kocemba's best interests were not compatible with the goal of placing Kocemba in her home, that there was a conflict of interest due to pending litigation between Webster and other relatives, and that a neutral and disinterested conservator was needed to protect the assets of the estate.

In appointing a successor general conservator of the person and estate, the trial court found that Kocemba was still lacking in sufficient understanding or capacity to make or communicate responsible decisions concerning financial affairs and daily needs. In its conclusions of law, the trial court stated that Helen Kocemba continues to be an incapacitated person and that a

successor of the person and estate should be appointed.

Kocemba appeals from the finding and conclusion that she continues to be an incapacitated person, claiming that such finding is unnecessary in a voluntary petition for successor conservator and unsupported by the evidence. Luana Webster has filed a notice of review alleging that she was improperly removed as conservator of the estate.

## ISSUES

I. Did the trial court err in finding that Helen Kocemba is an incapacitated person?

II. Did the trial court abuse its discretion in removing Luana Webster as conservator of the estate?

## ANALYSIS

### I.

Appellant Helen Kocemba objects to any reference or any finding regarding her capacity or lack of capacity, and states that such a finding is not necessary in a voluntary petition for successor conservator. Appellant claims that the finding of incapacity is needed only if the conservatorship is based on an involuntary petition for conservator.

Kocemba's argument is flawed in several respects. A conservatee is defined as "an incapacitated person for whom the court has appointed a conservator." Minn.Stat. § 525.539, subd. 5 (1986). Upon a petition, a court may appoint a conservator of the person or the estate, or of both, of any incapacitated person if the court is satisfied of the need therefor. Minn.Stat. § 525.54, subd. 1 (1986). The definition of an incapacitated person in the case of a conservatorship of the *person* is:

any adult person who is impaired to the extent of lacking sufficient understanding or capacity to make or communicate responsible personal decisions, and who has demonstrated deficits in behavior which evidence an inability to meet personal needs for medical care, nutrition, clothing, shelter, or safety.

Minn.Stat. § 525.54, subd. 2 (1986). An incapacitated person in the case of a conservatorship of the *estate* is:

any adult person who is impaired to the extent that the person lacks sufficient understanding or capacity to make or communicate responsible decisions concerning the person's estate or financial affairs, and who has demonstrated deficits in behavior which evidence an inability to manage the estate. * * *

Minn.Stat. § 525.54, subd. 3 (1986).

Based on the involuntary petition for appointment of conservator filed by Luana Webster, the trial court found in December 1985, by clear and convincing evidence that appellant Kocemba was an incapacitated person. *See* Minn.Stat. § 525.551, subd. 3 (1986). Such findings are needed pursuant to Minn.Stat. § 525.551, subd. 5 (1986). Minn.Stat. § 525.551, subd. 5 provides in part:

If upon completion of the hearing and consideration of the record the court finds: (a) that the requirements for the voluntary appointment of a conservator or guardian have been met, or (b)(1) that the proposed ward or conservatee is incapacitated as defined in section 525.54; and (2) in need of the supervision and protection of a guardian or conservator; and (3) that no appropriate alternatives to the guardianship or conservatorship exist which are less restrictive of the person's civil rights and liberties * * * it shall enter its order or judgment * * * specifying the powers of the conservator pursuant to section 525.56.

In order to appoint a conservator of the estate, based upon an involuntary petition, the trial court additionally had to determine that:

(1) the person is unable to manage the person's property and affairs effectively because the person is an incapacitated person, and (2) the person has property which will be dissipated unless proper management is provided, or that funds are needed for the support, care and welfare of the person or those entitled to be supported by the person and (3) a guardian or conservator is necessary to adequately protect the person's estate or financial affairs.

Minn.Stat. § 525.54, subd. 3 (1986).

Helen Kocemba was still under this conservatorship when the petition for removal of conservator and voluntary petition for new conservator were filed in June 1986. This is significant because a conservatorship terminates only upon the death of the conservatee or upon the restoration to capacity of the conservatee. Minn.Stat. § 525.60 (1986). We believe appellant's petition for removal and petition for appointment for successor conservator are actually brought pursuant to Minn.Stat. § 525.61 (1986), restoration to capacity or modification of conservatorship.

Minn.Stat. § 525.61, subd. 1 states that the conservatee may petition the court to be restored to capacity or to modify the conservatorship. In order to obtain restoration to capacity, the petitioner, Kocemba, must prove by a preponderance of the evidence that she is no longer incapacitated as defined in section 525.54. Minn.Stat. § 525.61, subd. 2 (1986).

We hold that a finding of "incapacity" is necessary when a conservatee, who is presently under an involuntary conservatorship, petitions the court for removal of the conservator and voluntary appointment of a successor conservator. Because the conservatee is considered to be "incapacitated" under the statute, such incapacity remains until the court determines otherwise on proof submitted by the conservatee. The filing of a voluntary petition for appointment of successor conservator does not affect a present conservatorship and the prior finding of incapacity.

Kocemba next argues that even if a finding of incapacity is needed, the trial court erred in making such a finding. A probate court's determination of factual questions will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01; *In Re Conservatorships of T.L.R.*, 375 N.W.2d 54 (Minn. Ct.App.1985).

Kocemba claims that there is no recent medical testimony to show that she was incapacitated at the time of the Decem-

ber 1987 order. She further claims that the trial court should have reopened evidence so that a more recent medical report could be submitted to the court.

At the August 1986 hearing, two doctors testified that Helen Kocemba was incapacitated and unable to care for herself. Kocemba offered no rebuttal medical evidence at this hearing to show that she was no longer incapacitated. Additionally, reports from the court appointed social services, pursuant to Minn.Stat. § 525.61, subd. 2, found that Kocemba was unable to care for herself and that she could not be at home alone.

We believe there is sufficient evidence from the August 1986 hearing to support the trial court's finding of incapacity. Additionally, the trial court had previously found Kocemba incapacitated in 1985, and such finding of incapacity would remain in effect until the conservatee proved that she was no longer incapacitated. Kocemba failed to present any medical evidence that she was no longer incapacitated, and therefore failed to carry her burden of proof at the August 1986 hearing. The trial court did not have to grant appellant's informal request for reopening of evidence after the completion of this hearing.

The trial court did not err in finding that Helen Kocemba was incapacitated and such finding was not superfluous, since Kocemba was presently under a conservatorship.

## II.

Luana Webster claims that the trial court abused its discretion in removing her as conservator of the estate of Helen Kocemba. Luana Webster does not appeal the removal of herself as conservator of the person of Helen Kocemba. An appointment of a conservator is a matter within the discretion of the trial court, and this court will not interfere with the exercise of this discretion except in the case of a clear abuse. *In Re Guardianship of Kowalski*, 382 N.W.2d 861, 864–65 (Minn.Ct.App. 1986).

Helen Kocemba petitioned to remove Luana Webster as conservator of her person and estate and also petitioned for appointment of a new conservator. The removal of conservator and the appointment of a successor conservator is governed by Minn.Stat. § 525.61, subd. 3 (1986), which provides:

Upon a motion to remove a guardian or conservator and appoint a new guardian or conservator, the court shall consider whether the existing guardian or conservator has performed the applicable duties and *whether the continued appointment of the guardian or conservator is in the best interests of the ward or conservatee.* The court shall appoint a new guardian or conservator if it finds that:

(1) the existing guardian or conservator *has failed* to perform the duties associated with the guardianship or conservatorship or *to provide for the best interests of the ward* or conservatee; and

(2) the best interests of the ward or conservatee will be better served by the appointment of a new guardian or conservator.

The court's decision must include the specific findings required by section 525.-551, subdivision 5. (emphasis added).

In addition to the required findings of 525.551 relating to incapacity and need of a conservator, the trial court had to find: 1) that the person chosen as a conservator is in the best interests of the conservatee; and 2) that the person to be appointed as conservator is the most suitable and best qualified person. Minn.Stat. § 525.551, subd. 5. The court must specifically address the reasons for its determination that the appointment of the person is in the best interests of the conservatee. *Id.*

Respondent Webster argues that the statutory grounds for removing a conservator have not been met, since the trial court did not find that she violated any laws, or failed to perform any duties. However, the statutory grounds were met when the trial court found that Webster's actions were not in Kocemba's best interests.

Webster further alleges that the trial court's decision to remove her is clearly

erroneous because the court found that her philosophy was incompatible with returning the conservatee to her home. While this finding relates to the conservator of the person, rather than to the conservator of the estate, Webster fails to note that the trial court's order removes her as conservator of both the estate and the person. Such finding is a proper reason for removing Webster as conservator of the person. Moreover, the trial court's finding that a conflict of interest exists between Webster and the other relatives is sufficient reason for removing Webster as conservator of the estate. Significantly, the trial court also found that it would be in the best interest of the conservatee if a neutral third party were appointed conservator, ending this prolonged litigation and preserving the estate's assets.

The evidence supports the court's findings of conflict of interest by the former conservator, and that the best interests of the conservatee were not being met. We believe the evidence supports the trial court's finding that Jerome Raidt is the most suitable and best qualified person to be conservator, and that his appointment would be in Helen Kocemba's best interests. It is within the trial court's discretion to appoint a successor conservator, whom the court believes would better serve the best interests of the conservatee.

### DECISION

The trial court, in continuing the conservatorship and appointing a successor conservator, correctly found that the conservatee was still incapacitated. The trial court did not abuse its discretion in removing the former conservator.

**AFFIRMED.**