*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1289**

In re the Guardianship of the Person and Conservatorship of Estate of:
Mohamed Abshir Musse, a/k/a Mohamed Abshir Musa, Proposed Ward.

**Filed April 13, 2015
Affirmed
Bjorkman, Judge**

Carver County District Court
File No. 10-PR-11-49

Richard J. Cohen, St. Paul, Minnesota (for appellants)

Joan L. Miller, Shakopee, Minnesota (for respondent Mohamed Abshir Musse)

Patricia M. Buss, Burnsville, Minnesota (for respondent Dega Abshir)

Considered and decided by Bjorkman, Presiding Judge; Hudson, Judge; and Smith, Judge.

# UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellants challenge the dismissal of a petition to appoint a guardian and conservator for respondent, arguing that the district court abused its discretion by failing to appoint a court visitor or to conduct a hearing. We affirm.

## FACTS

In April 2011, appellant Abdirashid Musse[1] petitioned for appointment as Mohamed Abshir Musse's (Musse) guardian and conservator. At that time, Musse was 84 years old and lived with his late wife, Mariam Moses. The petition alleged that Musse was unable to independently meet his basic needs and may be suffering from dementia. And the petition stated that Moses was keeping Musse from seeing his extended family. Appellants acknowledged that they had not seen Musse since 2006.

After the petition was filed, the district court appointed a court visitor to meet with Musse and file a report regarding the proposed guardianship and conservatorship. The visitor's report concluded that there was "no reason" for the petition, and that Musse was capable of caring for himself with the help of his wife and children.

An evidentiary hearing on the petition was scheduled for May 2011. Prior to the hearing, Musse moved to dismiss the petition on the grounds that it did not accurately identify his children and its allegations of incapacity were baseless. At the May hearing, the parties addressed Musse's dismissal motion. In a subsequent order, the district court concluded that the motion was premature and scheduled an evidentiary hearing on the petition for July. At the July hearing, the parties agreed to resolve the dispute through mediation. The district court issued an order outlining the parties' stipulation and appointing two mediators to resolve the family dispute. The order dismisses the petition,

---

[1] Appellants include Abdirashid Musse, Surer Musse, and Luul Musse. Abdirashid Musse is Mohamed Abshir Musse's first-cousin and resides in Minnesota. Surer Musse and Luul Musse are Mohamed Abshir Musse's half-siblings and respectively reside in England and Tennessee.

but provides that the district court would retain jurisdiction over the matter in the event of a party's noncompliance with mediation.

In May 2013, one of the mediators informed the district court by letter that mediation had failed and that both mediators had resigned. In December 2013, appellants filed a motion seeking to hold Musse's daughter, respondent Dega Abshir, in contempt for violating the 2011 stipulation and order. The motion alleged that Abshir and her family failed to participate in mediation. Abshir filed a responsive motion denying the contempt allegations and seeking an order requiring appellants to leave Musse and his family alone. Abshir's responsive motion included affidavits explaining that she was unable to play an active role in mediation because she was caring for Moses, who was undergoing cancer treatment.

After reviewing both motions, the district court issued an order appointing counsel for Musse and setting a review hearing to be attended by Musse, his lawyer, and the previously appointed mediators. The order stated that those in attendance would "discuss and determine the willingness and/or appropriateness of [Musse] meeting with Petitioners/siblings." And the order indicated that following the hearing, the district court would "render a decision on the merits of the contempt motion, which may involve additional hearings on the Petition and/or motion or outright dismissal of the contempt motion and Petition."

The review hearing occurred in May 2014. Musse and his lawyer attended, but the district court did not involve the mediators. Following the hearing, the district court

issued an order denying the contempt motion and dismissing the petition. This appeal follows.

## D E C I S I O N

Decisions relating to the appointment of guardians and conservators are within the discretion of the district court. *In re Guardianship of Kowalski*, 478 N.W.2d 790, 792 (Minn. App. 1991), *review denied* (Minn. Feb. 10, 1992); *In re Conservatorship of Kocemba*, 429 N.W.2d 302, 306 (Minn. App. 1988). We will not interfere with a district court's decisions absent an abuse of that discretion. *In re Conservatorship of Foster*, 547 N.W.2d 81, 84 (Minn. 1996).

Appellants contend that the district court abused its discretion by failing to appoint a court visitor and failing to hold a public hearing before dismissing the petition. We address each argument in turn.

**Court visitor**

Minn. Stat. § 524.5-304(a) (2014) permits a district court to appoint a court visitor when a guardianship petition is filed. The visitor must interview the proposed ward and file a written report that includes "recommendations regarding the appropriateness of guardianship." Minn. Stat. § 524.5-304(d), (f)(1) (2014).

Appellants assert that the district court failed to appoint a court visitor as the statute requires. This argument is unavailing for two reasons. First, the statute permits but does not require a district court to appoint a visitor. Second, the district court did appoint a visitor less than two weeks after appellants filed their petition. After meeting with Musse, the court visitor filed a report stating that she had no concerns about his

4

health or current living arrangement and that there was "no reason" for the petition. Appellants cite no authority requiring additional action. Accordingly, we discern no abuse of discretion.

**Public hearing on the petition**

Upon the filing of a guardianship petition, a district court must conduct a hearing on the petition during which all parties "may present evidence and subpoena witnesses and documents; examine witnesses, . . . and otherwise participate in the hearing." Minn. Stat. §§ 524.5-304(a), .5-307(a) (2014). Appellants contend that the district court violated the statute by denying their contempt motion and dismissing the guardianship petition without conducting a public hearing. We disagree. Appellants' argument ignores the procedural posture of this case. The district court scheduled and conducted two public hearings on the petition in 2011. During the second hearing, the parties agreed to dismiss the petition and proceed with mediation. Appellants do not assert and the record does not reflect that they were deprived of an opportunity to present evidence or legal arguments at either hearing.

The matter came back before the district court in late 2013 in the context of appellants' contempt motion that related to the mediation process, not the merits of the underlying petition. In a written order, the district court laid out the procedure it would follow in addressing the contempt motion. This included appointing an attorney for Musse and subsequently conducting a private review hearing. The order clearly stated that the district court would then either decide the contempt motion or conduct additional hearings. Appellants received this order and did not object. Because appellants did not

5

challenge this process in the district court, they effectively waived their argument that the district court's dismissal of the contempt motion and petition violated the hearing requirements of the guardianship statute. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Finally, we reject appellants' assertion that their contempt motion entitled them to a hearing on the merits of the underlying petition. Pursuant to the parties' stipulation, the petition was dismissed long before the contempt motion was filed. And the contempt motion against a non-party arose from the agreement to mediate, which was separate from the petition. We acknowledge that the district court's final order does address the petition in addition to the contempt motion. But we interpret this as the district court's effort to enter a final judgment on all issues. On this record, we conclude that the district court satisfied its obligation to hold a hearing on the petition to appoint a guardian and conservator and did not otherwise abuse its discretion.

**Affirmed.**