**Lloyd VICKROY, Appellant,**

v.

**CITY OF SPRINGFIELD, MISSOURI, Appellee.**

**No. 83–1200.**

United States Court of Appeals, Eighth Circuit.

Submitted May 3, 1983.

Decided May 6, 1983.

Rehearing and Rehearing En Banc Denied June 1, 1983.

Howard C. Wright, Jr., City Atty. and Robert H. Handley, Asst. City Atty., Springfield, Mo., for appellee.

Lloyd Vickroy, pro per.

Before LAY, Chief Judge, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Lloyd Vickroy sued the City of Springfield, Missouri, under 42 U.S.C. § 1983 for violating his Fourth Amendment rights and his right to privacy. His claim arises from a detention by a Springfield police officer. The district court [1] granted the city's motion for summary judgment.

The following facts were established by affidavits and uncontradicted by Vickroy.

1. The Honorable Russell G. Clark, Chief Judge, United States District Court for the Western District of Missouri.

On May 28, 1980, Officer Bill Bragg answered a disturbance call at 1531 N. O'Hara, the residence of Cindy Mordue. Bragg was familiar with a felonious restraint charge pending against George Mordue, Cindy's husband. When Bragg arrived at the Mordue residence, Cindy reported that George had been there and threatened to kill her if she continued to press charges. Cindy gave Bragg a description of George and stated that she believed he was fleeing the jurisdiction by bus.

Bragg called an assistant prosecuting attorney, Donald Sanders, who was familiar with the Mordue case. Sanders believed there was probable cause to arrest Mordue for tampering with a witness and authorized an arrest. Bragg called the Police Department, and all units were notified that George Mordue was wanted for tampering with a witness, given a description, and informed that he might be at the bus station.

Officer Baugh heard the dispatch and went to the bus station. He saw Vickroy in the waiting area and stated that Vickroy fit the description of Mordue. Baugh asked Vickroy for identification. When Vickroy refused, Baugh stated that he would be arrested. Vickroy then produced identification, and Baugh thanked him and left.

The district court, on the City's motion for summary judgment, found no constitutional violation and granted the motion.

 Officer Baugh's threat to arrest Vickroy if he did not identify himself constituted a seizure subject to the requirements of the Fourth Amendment. *Brown v. Texas,* 443 U.S. 47, 50, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979). The Fourth Amendment requires that a seizure be "reasonable"; when the seizure is "less intrusive than a traditional arrest," reasonableness depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers. *Id.* at 50, 99 S.Ct. at 2640; *United States v. Brignoni-Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 2578–79, 45 L.Ed.2d 607 (1975).

In this case Officer Baugh's detention of Vickroy seems imminently reasonable. He had probable cause to arrest Mordue, and Vickroy never argued before the district court that he did not fit the description of Mordue. The police officer's action cannot be characterized as an "arbitrary" request for identification.

Because we see no constitutional violation, we affirm the judgment of the district court on the basis of its well-reasoned opinion. *See* 8th Cir. R. 14.