Michael R. FLETCHER, Appellant,

v.

**APACHE HOSE & BELTING COMPANY, INC.,**
**Appellee.**

No. 92–1569.

Court of Appeals of Iowa.

May 26, 1994.

Hugh G. Albrecht of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

John M. Bickel and Diane Kutzko of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee.

Considered by HAYDEN, P.J., and CADY and HUITINK, JJ.

HAYDEN, Presiding Judge.

Kelly Temporary Services (Kelly Services) is an employment service or labor broker which provides temporary employees to employers. In early July 1990 Michael Fletcher

approached Kelly Services and specifically requested employment with Apache Hose and Belting Company, Inc. (Apache Hose). Kelly Services fulfilled Fletcher's request by assigning him to work for Apache Hose following Apache Hose's acceptance of Fletcher's assignment. Fletcher began work at Apache Hose in July 1990. On August 30, 1990, Fletcher sustained injuries while he was operating a machine at Apache Hose. Kelly Services paid workers' compensation benefits to Fletcher.

In October 1990 Fletcher brought this negligence action against Apache Hose to recover for the injuries. Apache Hose filed a motion for summary judgment. On September 14, 1992, the district court entered a ruling granting Apache Hose's motion for summary judgment. The court found Fletcher was an employee of Apache Hose, and the exclusive remedy provision of Iowa Code section 85.20 (1991) barred Fletcher's negligence action. Fletcher appeals.

Our review is for correction of errors at law. *Huber v. Hovey*, 501 N.W.2d 53, 55 (Iowa 1993) (citing Iowa R.App. P. 4). Summary judgment is proper only when the entire record shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *McKinness Excavating & Grading, Inc. v. Morton Bldgs., Inc.*, 507 N.W.2d 405, 408 (Iowa 1993) (citations omitted). The burden falls upon the moving party. *West Bend Mut. Ins. Co. v. Iowa Iron Works, Inc.*, 503 N.W.2d 596, 598 (Iowa 1993). The resisting party must set forth specific facts showing a genuine factual issue exists. *Huber*, 501 N.W.2d at 55. On review we must determine whether a genuine issue of material fact exists, whether the moving party is entitled to a judgment as a matter of law, and whether the district court applied the law correctly. *Essex Ins. Co. v. Fieldhouse, Inc.*, 506 N.W.2d 772, 775 (Iowa 1993) (citations omitted).

On appeal Fletcher contends the determination of whether an employment relationship existed between the special employer, Apache Hose, and the employee, Fletcher, is a factual question. This issue was recently addressed by our supreme court in

*Parson v. Proctor & Gamble Manufacturing Co.*, 514 N.W.2d 891 (Iowa 1994). In a five-to-four decision the majority held under the record in *Parson* the employee of a labor broker could not, as a matter of law, be deemed the employee of the labor broker's customer. *Id.* at 892. The majority of other jurisdictions has held the worker may be an employee of the special employer, therefore the special employer is immune from an employee's negligence action under workers' compensation statutes. 1B Arthur Larson, *The Law of Workmen's Compensation* § 48.-23, at 8–515 (1993) (citations omitted). This court followed the majority rule in *Jones v. Sheller–Globe Corp.*, 487 N.W.2d 88, 93 (Iowa App.1992), *further review denied* (Iowa May 28, 1992). Our supreme court in *Parson* found *Jones* was not controlling; however, the court did not overrule *Jones*. *Parson v. Proctor & Gamble Mfg. Co.*, 514 N.W.2d 891, 897 n. 4 (Iowa 1994).

In *Parson* there was no express contract between the employee and the labor broker's customer. *Id.* at 894. The supreme court acknowledged that in many cases an express contract between an employee and a labor broker's customer will not exist, therefore courts look for evidence of the employee's consent to an employment relationship with the alleged special employer. *Id.* at 894. In the case at hand an express contract between Fletcher, the employee, and Apache Hose, the special employer, did not exist. Therefore, we look to the evidence to determine if Fletcher consented to an employment relationship with Apache Hose. *See id.* We also consider Apache Hose's intent to enter into an employment relationship with Fletcher. *See id.* at 894–95.

Fletcher approached Kelly Services and specifically requested placement at Apache Hose. In his deposition Fletcher stated he told the Kelly interviewer the following: "I told her I was sent down by Apache Hose to register with them for a job at Apache Hose and Belting." His testimony continued:

Q. When you went to Kelly, if I'm understanding what you've told me correctly,

you essentially had your job lined up with Apache?

A. Yes.

Fletcher not only consented to employment with Apache Hose but he specifically requested it.

Kelly Services fulfilled Fletcher's specific request by assigning him to work at Apache Hose. It did so, however, only after receiving Apache Hose's approval and acceptance of Fletcher. Apache Hose could have rejected Fletcher but instead it accepted Fletcher, and he began work within the month. Fletcher stated he understood Apache Hose made the decision as to whether he would work at that business.

Q. Kelly Services was not the organization that made the decision as to whether or not you would work at Apache one way or another, was it?

A. No.

Fletcher admitted he knew Apache Hose had to approve him before he could work at the factory.

In this case Apache Hose not only initially accepted Fletcher but offered him a position after he was injured. The record includes deposition testimony from John McHugh, an employee of Apache Hose and a supervisor to whom Fletcher reported. McHugh testified he offered Fletcher a job at Apache Hose following Fletcher's recovery from his injuries.

Q. Okay. Do you know, was he offered the opportunity to come back to work after his physical condition permitted him to do so?

A. Yes.

Q. Okay. By whom was that offer made?

A. Myself.

Q. And was that in writing or—A. No.

Q. —verbally? A. With Kelly verbally.

Q. Did you actually talk to Michael [Fletcher]? A. No.

Q. You talked with someone at Kelly Services? A. Yes.

McHugh stated Apache Hose treats individuals who come to them from Kelly Services as employees.

Apache Hose employees had direct supervision over Fletcher and his work. Fletcher accepted Apache Hose's supervisory role. He also acknowledged Apache Hose could fire him. Apache Hose could terminate the employment of a Kelly worker at its business. In this case Apache Hose could end its own relationship with Fletcher.

In focusing on the relationship between the temporary worker and special employer, we conclude it is established as a matter of law for purposes of Iowa Code section 85.61(11) Fletcher had a deliberate and informed intent to enter into an employment relationship with Apache Hose. Apache Hose is immune to Fletcher's negligence action under section 85.20. Summary judgment in favor of Apache Hose was appropriate. We affirm the decision of the district court.

Costs of this appeal are taxed to Fletcher.

**AFFIRMED.**