**Debora SWANSON; Buddy Swanson, Appellees,**

v.

**WHITE CONSOLIDATED INDUSTRIES, INC., WCI Laundry Division, Appellant,**

**Max Klein Company, Defendant.**

**No. 93–3563.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1994.

Decided July 22, 1994.

Jerry R. Foxhoven, Des Moines, IA (argued), for appellant.

James L. Kramer, Fort Dodge, IA (argued), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, MAGILL and BEAM, Circuit Judges.

MAGILL, Circuit Judge.

In this diversity claim for common-law tort recovery, we are required to decide the effect of the exclusivity provision of the Iowa Workers' Compensation statute on a possible dual employer relationship. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

While performing services for White Consolidated Industries, Inc. (WCI), Debora Swanson sustained personal injury. After a laundry basket she was carrying broke, Swanson fell and injured her back. As a result of her injuries, Swanson received workers' compensation benefits from Gadbury Temporary Employment (Gadbury), the employer that brokered her services to WCI.

Gadbury is a temporary-employment agency that hires workers to perform services for other employers with which it contracts. Gadbury advertises for the workers and, after receiving information from the workers in the form of an application, refers the worker to the contracting employer. Gadbury's workers receive their paychecks through Gadbury, not through the contracting employer. The contracting employer compensates Gadbury for the services it receives from the brokered worker. In turn, Gadbury is responsible for the workers' entire compensation package, including fringe and workers' compensation benefits.

After Swanson filled out an application with Gadbury, she was referred for an interview with Theodore K. Johnson (Johnson), a WCI manager. Johnson agreed to use Swanson's services, but could terminate the relationship with her at any time. After Johnson assigned Swanson to WCI's department that tested washers and dryers, WCI provided all training, necessary equipment, and supervision. For example, if Swanson was ill and could not report to work, she contacted Johnson.

Pursuant to the court's diversity jurisdiction, Swanson filed suit against WCI, contending that it was liable in tort for her injuries. WCI defended on the ground that Swanson's collection of workers' compensation benefits barred her suit because the benefits were the exclusive remedy under the Workers' Compensation Act. *See* Iowa Code Ann. § 85.20 (West 1984). WCI and Swanson filed motions for summary judgment: WCI alleged the exclusive remedy provision of the workers' compensation statute applied because Swanson was its employee, and Swanson alleged that the exclusive remedy provision did not apply because she was employed by Gadbury, not WCI. The district court denied both motions for summary judgment, agreeing that the relevant inquiry was whether Swanson and WCI had an employment relationship, but finding that the parties had not resolved all issues of material fact.

The case proceeded to trial. Early in the trial, the district court pursuant to Rule 50 of the Federal Rules of Civil Procedure held that Swanson was not a WCI employee, but rather was employed solely by Gadbury. This ruling limited the issues before the jury to questions of negligence and liability, as opposed to whether Swanson and WCI had an employment relationship barring the suit. The district court also granted the plaintiff's motion in limine requesting the exclusion of all evidence revealing the plaintiff's receipt of workers' compensation benefits. The jury found WCI liable for Swanson's injury and awarded damages.

WCI now appeals the district court's orders holding that Swanson is not WCI's employee and refusing to allow evidence of the receipt of workers' compensation benefits.

## II. DISCUSSION

■ If a worker is covered by the Workers' Compensation Act and is injured in the course of his or her employment, § 85.20 of the Iowa Code bars common-law tort recovery from the employer. WCI does not challenge on appeal the jury's finding of liability. Rather, it contends that the existence of an employment relationship between Swanson and WCI bars Swanson from recovering damages from WCI.

■ Under Iowa law, an employee is " 'a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer.' " *Parson v. Procter & Gamble Mfg. Co.*, 514 N.W.2d 891, 893 (Iowa 1994) (quoting Iowa Code § 85.61(11)). "[T]he threshold determination in deciding whether a worker falls into the workers' compensation scheme is whether the worker entered into a contract of hire, express or implied." *Id.*; *accord Rouse v. State*, 369 N.W.2d 811, 814 (Iowa 1985). Because it is undisputed that no express contract for hire existed, Swanson's recovery hinges upon whether there existed an implied contract for hire. We examine each issue raised by WCI in turn.

## A. Judgment as a Matter of Law

■ WCI appeals the district court's order finding as a matter of law that Swanson was exclusively an employee of Gadbury, thus disposing of WCI's defense that Swanson's claim was barred by the exclusive remedy provision of the workers' compensation statute.[1] We apply the same standard when reviewing a motion for judgment as a matter of law as the district court. *Rynders v. E.I. Du Pont De Nemours & Co.*, 21 F.3d 835, 839 (8th Cir.1994). We resolve all factual disputes in favor of WCI, review the district court's determination of Iowa law de novo, and reverse if reasonable jurors might differ as to the conclusions that could be drawn. *See id.* We reverse.

The applicability of the exclusive remedy provision hinges on whether there existed between Swanson and WCI an implied contract for service or hire. This question of fact, *see Parson*, 514 N.W.2d at 893, is resolved by examining evidence relevant to Swanson's and WCI's intent to enter into such a contract, *id.* at 897. Such evidence

may consist of documentary evidence, as well as the testimony of Gadbury and WCI employees. The evidence must show not only that WCI agreed to enter into a contract for service, but also that Swanson had an informed and deliberate intent to do so. *Id.* at 895.

## 1. The District Court Order

■ The district court stated,

In order to have an implied contract, you have got to have the employer wanting to have one, and they didn't want to have one. It was—they wanted that out here on a pole quite aways away from them until they get into this lawsuit. Then it's more advantageous for them to then hopefully have an implied contract.

And despite ... [plaintiff's counsel's] nervousness about it, based upon what I know from what Mr. Johnson said, and based upon what this lady has said, I'm going to find as a matter of law right now that she is an employee of Gadbury. And for that reason, it will not be necessary to go into the intention of the parties, and it will not be necessary to go into implied contracts.

Tr. at 170–71. The district court, thus, granted judgment as a matter of law based upon the testimony of Swanson and her WCI supervisor, Johnson. Swanson's testimony on the issue was brief: she testified that (1) she was employed by Gadbury because it issued her paycheck, and (2) Johnson told her she would have to contact Gadbury for disability pay because WCI was not her employer. The district court also relied upon Johnson's deposition testimony. Johnson testified that he understood that Swanson was a Gadbury employee.

In addition, the district court stated,

---

1. WCI phrases its claim as an appeal from the district court's denial of its motions for summary judgment and judgment as a matter of law and from the district court's order finding as a matter of law that Swanson was exclusively Gadbury's employee. The district court's order and the challenged motions all turn on the exclusivity of the workers' compensation remedy. We review only the court's order granting judgment as a matter of law. The denial of summary judgment is unreviewable. *See Johnson Int'l Co. v. Jackson*

*Nat'l Life Ins. Co.*, 19 F.3d 431, 434 (8th Cir. 1994); *Bottineau Farmers Elevator v. Woodward–Clyde*, 963 F.2d 1064, 1068 n. 5 (8th Cir.1992) (denial of a motion for summary judgment is interlocutory in nature). We interpret WCI's motion for judgment as a matter of law—made after the court issued its order granting judgment as a matter of law—as a motion to alter or amend the judgment. Because we reverse the district court's order, we need not consider this claim.

[Swanson] is not an employee of WCI, yes. And that flies in the face of the—of the Iowa courts which say that she can be an employee of both ... but I think that's a determination that is made by courts when they have less information than I have, and less information is Johnson's admissions and such things as that, and what Johnson told her. And if you don't have those kinds of things, it's possible to find that she is employed by both for the purposes of workman's comp.

Tr. at 171–72. Based upon Swanson's and Johnson's testimony, the district court found that Swanson was *exclusively* an employee of Gadbury, apparently based upon its reasoning that she could not be employed by both entities.

### 2. Iowa Law

Iowa law requires that a court determine whether there existed an implied contract for hire. *See generally Parson,* 514 N.W.2d at 893–97.

In Iowa, a contract will be implied where there has been a mutual manifestation of assent by acts and deeds (rather than words) to the same terms of an agreement. The substance of such a contract must be determined from the acts of the parties in light of the subject matter and the surrounding circumstances.

*McBride v. City of Sioux City,* 444 N.W.2d 85, 90 (Iowa 1989). Thus, the fact finder must determine if WCI intended to assent to an implied contract for hire and, concomitantly, whether Swanson intended to assent. *See Parson,* 514 N.W.2d at 894–95.

*Parson,* a recent decision by the Iowa Supreme Court examining this precise issue, provides guidance. In *Parson,* the plaintiffs, brokered to Procter & Gamble (P & G) by Kelly Temporary Services (Kelly), were injured while providing services for P & G.

*Id.* at 892. Kelly paid the workers' wages and benefits. *Id.* Kelly also selected the workers for P & G, performed drug testing, and provided on-site supervision. *Id.* The *Parson* court held that the paramount consideration was whether P & G and the plaintiffs intended to enter a contract of employment. *Id.* at 897. Although in Iowa an employee may have two employers, the presumption is that a general employer, such as Kelly, is the sole employer. *Id.* at 894. Finding that the exclusive remedy provision of the workers' compensation statute did not apply because as a matter of law the plaintiffs were not P & G employees, the Iowa Supreme Court reversed the trial court's grant of summary judgment to P & G.

The factors examined by the *Parson* court inform our inquiry. Evidence supporting WCI's intent, or lack thereof, to enter into a contract for hire with Swanson may include (1) statements in a contract, if any, between Gadbury and WCI, *see id.* at 894; (2) statements made by the management of WCI regarding Swanson's employment status, *see id.* at 895; and (3) WCI's consent to the employment relationship as inferred from Iowa's five-factor *Henderson* test,[2] *see id.* at 896 n. 2.[3] Evidence supporting Swanson's intent, or lack thereof, to enter a contract for hire with WCI may include (1) the understanding of Swanson and other Gadbury employees regarding their relationship with WCI, *see id.* at 895; (2) evidence regarding Swanson's treatment at WCI vis-a-vis WCI employees, *see id.;* and (3) Swanson's acceptance of supervision from WCI, *see id.* at 895.

### 3. Analysis

The district court, making its judgment without the benefit of *Parson,* reasoned that it need only look at the parties' statements

---

**2.** *Henderson v. Jennie Edmundson Hosp.,* 178 N.W.2d 429, 431 (Iowa 1970). The five factors are (1) the right to select, or employ at will; (2) responsibility for the payment of wages by the employer; (3) the right to discharge or terminate the relationship; (4) the right to control the work; and (5) the identity of the responsible authority in charge of the work or the identity of the authority for whom the work is performed. *Id.*

**3.** The *Parson* court applied the five-factor *Henderson* test, but it stated that the test was unnecessary because in that case "no contract of hire as a matter of law [was] shown." *Parson,* 514 N.W.2d at 895. We do not believe that the test is irrelevant; rather, the test in isolation is not controlling. *See id.* at 896 n. 2.

regarding their subjective intent to contract.[4] We interpret *Parson* to require a finding based upon the parties' subjective intent to contract, but we do not believe that the implied contract inquiry ends with the testimony of the parties. The parties are likely to have disparate definitions of the terms employment and employee, and, of course, the parties' testimony may be self-serving.[5] Under an implied contract theory, it is the parties' conduct that ultimately controls.

In our opinion, the district court was mistaken in discounting the possibility that Swanson might have two employers. *See supra* at 974. It was undisputed that Swanson was employed by Gadbury. The inquiry before the district court was whether Swanson was *also* employed by WCI. Under Iowa law there is merely a presumption that a general employer, such as Gadbury, is the sole employer. *See Parson,* 514 N.W.2d at ·894.

Examining this record in the light most favorable to .WCI, we reverse the judgment of the district court that as a matter of law Swanson was exclusively Gadbury's employee. The district court, in ruling that Swanson was exclusively Gadbury's employee, failed to consider all the necessary factors and failed to credit the possibility that Swanson might have two employers. A reasonable jury could have found that Swanson was employed by *both* Gadbury and WCI. A reasonable jury might have found that WCI intended to form an employment relationship with Swanson as evidenced by WCI's treatment of Swanson and that Swanson intended to form an employment relationship with WCI as evidenced by her acceptance of WCI's supervisory role. We therefore remand to the district court for further proceedings consistent with this opinion.

## B. Exclusion of Evidence

The district court granted Swanson's motion in limine requesting that proof of her receipt of workers' compensation benefits be excluded from admission into evidence. WCI contends the district court erred in granting that motion because the workers' compensation carrier had not filed a statutory lien pursuant to § 85.22(1) of the Iowa Code. We affirm the district court's order granting Swanson's motion in limine; the district court, however, must require Swanson to pledge any recovery to the worker's compensation insurer in compliance with Iowa Code § 85.22.

Section 668.14 of the Iowa Code allows the admission of evidence pertaining to a plaintiff's receipt of collateral payments for an injury. Section 668.14, standing alone, serves as a limitation on the collateral-source rule and would allow WCI to offer evidence regarding Swanson's receipt of benefits. However, § 85.22 of the Iowa workers' compensation statute explicitly states that a workers' compensation carrier "shall be indemnified out of [a third-party tortfeasor] recovery ... to the extent of the payment so made." Iowa Code Ann. § 85.22(1) (West 1984). Section 85.22 requires Swanson, if she recovers from WCI, to repay any workers' compensation benefits received, thus preventing a double recovery, the ultimate object of § 668.14.

The Iowa Supreme Court has harmonized these statutes. *See Schonberger v. Roberts,* 456 N.W.2d 201, 203 (Iowa 1990). Under Iowa law, evidence of Swanson's receipt of benefits need not be admitted into evidence. However, if such evidence was not offered to the jury, Swanson must pledge the proceeds of any recovery received to the workers' compensation carrier in accordance with

---

**4.** The district court found that four out of the five *Henderson* factors favored WCI's position. But the district court ultimately found that the *Henderson* factors were not controlling. Although not controlling, the *Henderson* factors are nonetheless relevant evidence of WCI's intent to enter into an implied contract. *See Parson,* 514 N.W.2d at 896 n. 2.

**5.** Johnson—representing WCI—stated that Swanson worked for Gadbury. This fact was never in dispute. Johnson's later testimony, not relied upon by the district court, included statements that the understanding was that Swanson was not WCI's employee. His testimony, however, also included a statement that the term employee means someone who was on the WCI payroll: it was undisputed that Swanson was not on WCI's payroll.

§ 85.22, thus preventing double recovery. *Id.*

Swanson did not comply with § 85.22. Section 85.22 requires a plaintiff to serve his or her employer—here Gadbury—with notice of a third-party lawsuit at least ten days before trial. Swanson admitted such notice was not served on Gadbury. Tr. at 47. Such a lack of notice, however, does not compromise the indemnification rights granted by the statute. Iowa Code Ann. § 85.22. Further, § 85.22(1) requires an employer or the workers' compensation carrier to file a lien within thirty days from the date it receives notice of the suit. *Id.* § 85.22(1). A lien was never filed. Tr. at 47. WCI contends that Swanson's lack of compliance with the procedural requirements of § 85.22, and accordingly Gadbury's lack of compliance, permits her to receive a double recovery unless the jury is informed of her receipt of benefits. We disagree.

As previously stated, the rights accorded employers or their insurance carriers by § 85.22 are not prejudiced by noncompliance with the statute. *See id.* § 85.22; *accord Armour–Dial, Inc. v. Lodge & Shipley Co.,* 334 N.W.2d 142, 145 (Iowa 1983). "The lien is incident to and dependent upon the right of the employer to recover, but the right to recover provided by indemnification is not dependent upon the lien." *Armour–Dial, Inc.,* 334 N.W.2d at 145. Thus, despite noncompliance with the requirements of § 85.22, Gadbury or the workers' compensation carrier maintain their right of indemnification.

The *Schonberger* court, despite this right of indemnification, required the trial court to establish that the plaintiff had "pledged to reimburse his workers' compensation insurer in accordance with Iowa Code section 85.22." 456 N.W.2d at 203. Therefore, on remand, should Swanson's recovery endure, the district court should comply with *Schonberger*'s mandate and require Swanson to pledge the proceeds of her recovery to Gadbury's workers' compensation carrier in compliance with § 85.22.

## III. CONCLUSION

We reverse the district court's grant of judgment as a matter of law and remand for further proceedings to determine whether Swanson was an employee of WCI. We affirm the district court's order granting Swanson's motion in limine. However, if Swanson's claim against WCI is not barred by the exclusive remedy provision, the district court should, before entry of judgment, ensure compliance with the terms of § 85.22 of the Iowa Code.