No. 96-1190

Sharon Putman; Joann Lee;  *
                           *
          Appellants;      *
                           *
     v.                    *   Appeal from the United States
                           *   District Court for the
Unknown Smith, St. Louis   *   Eastern District of Missouri.
County Police Officer DSN  *
2116; St. Louis County;    *
                           *
          Appellees.       *

Submitted:  September 12, 1996

Filed:  October 28, 1996

Before LOKEN, HEANEY, and JOHN R. GIBSON, Circuit Judges.

HEANEY, Circuit Judge.

Sharon Putman and Joann Lee appeal from the district court's grant of judgment as a matter of law to the appellees, a police officer, a towing company, and St. Louis County, in this 42 U.S.C. § 1983 action.  We affirm in part and reverse in part.

I.

Considering the evidence in the light most favorable to the appellants,[1] the evidence established that Putman and Lee jointly owned a 1982 Lincoln Continental automobile.  On January 5, 1990, Lee was a passenger in the car when St. Louis County police officer Larry Smith stopped the car for expired license plates.  During a

_____

[1]Appellees' motion to modify the record on appeal is granted.

search of the car, Officer Smith found a partially burnt, hand-rolled marijuana cigarette. Smith seized the car pursuant to the Missouri Criminal Activity Forfeiture Act (CAFA), Mo. Rev. Stat. §§ 513.600-513.653 (1986), and in accordance with a St. Louis County policy of "zero tolerance" then in effect. Under the county's zero-tolerance policy, a police officer who encountered a vehicle containing any quantity of suspected drugs was instructed to seize the car for forfeiture and to arrest the car's occupants. Lee was arrested and cited for violations related to expired license plates and vehicle inspection.

Although the CAFA contains specific provisions to facilitate either the prompt initiation of forfeiture proceedings or the timely return of property,[2] as the district court characterized it, "something happened" to the appellants' car. Despite the fact that the county neither filed drug charges against Lee nor initiated forfeiture proceedings against the car, the car remained under a police hold for more than two years. During that time, Putman repeatedly attempted to locate the appellants' car without success. On March 3, 1992, the prosecutor's office formally advised St. Louis County Police of its decision to decline forfeiture of the car and instructed the police to notify the car's owner and to arrange for the return of the vehicle. Six months later, on September 15, 1992, the police department sent Lee a letter advising her that she could pick up the car at a specified towing

---

[2]At the time the car was seized, the CAFA provided that the seizing officer was required to report the seizure to the county prosecutor's office within three days. Mo. Rev. Stat. §513.607.5(2) (1986). The prosecutor, in turn, was given five days after the receipt of notice of seizure in which to file a petition for forfeiture. Id. The Missouri courts have held that these forfeiture time limitations are mandatory and must be strictly construed. See, e.g., State v. Eberenz, 805 S.W. 2d 359, 362 (Mo. Ct. App. 1991)

company.[3]  When Putman called to retrieve the car from the towing company, she was told that the car was not there.  The following month, Lee received a letter from the Missouri Department of Revenue informing her that the car was in the possession of a different towing company and that title to the car would transfer over to the towing company unless she made immediate arrangements to pay $1,500 in towing and storage costs.  Putman and Lee subsequently learned that the storage fees actually amounted to $4,000.  On December 30, 1992, the towing company obtained title to the car.

Putman and Lee brought this action in federal district court under 42 U.S.C. § 1983 against the police officer who seized the car, the towing company that obtained title, and St. Louis County alleging that they deprived appellants of their property under color of law without due process in violation of the Fourteenth Amendment.  After Putman and Lee presented their case to a jury, the court granted the appellees' motion for judgment as a matter of law.  With respect to Officer Smith, the court determined that appellants presented no evidence from which the jury could conclude that he violated appellants' due process rights either by stopping the car or by the manner in which he conducted the seizure.  With respect to the county's liability, the court determined that there

---

[3]In substance, the letter provided:

> Due to a recent change in policy at the St. Louis County Prosecuting Attorney's Office, this Department has been directed to release the hold and return to the owner certain properties which had been seized pursuant to Missouri law.
>
> The St. Louis County Prosecuting Attorney's Office advised the St. Louis County Police Department <u>these seizures were both proper and legal. However, due to the cost of litigation and change in policy, the property will not be subject to forfeiture action</u>.

(Appellees' App. at 34 (emphasis added).)

was insufficient evidence that the St. Louis County had a policy to deprive appellants of their property without due process. The court also concluded that, as a matter of law, the appellants had an adequate post-deprivation remedy in state court to regain possession of their vehicle. Thus, the court agreed with the county that appellants' section 1983 claim failed as a matter of law under the Parratt/Hudson doctrine.[4]

## II.

We review the granting of a motion for judgment as a matter of law by applying the same standard as the district court: Judgment as a matter of law is appropriate where, resolving all factual disputes in favor of the nonmoving party, the nonmoving party presents insufficient evidence to support a favorable jury verdict. Abbott v. City of Crocker, Mo., 30 F.3d 994, 997 (8th Cir. 1994). We will reverse the decision if reasonable jurors might differ as to the conclusions that could be drawn from the evidence presented to the district court. Swanson v. White Consolidated Indus., Inc., 30 F.3d 971, 973 (8th Cir. 1994).

We agree with the court that appellants failed to present evidence from which a reasonable jury could conclude that either the police officer or the towing company violated their due process rights. No party contests the validity of the initial traffic stop or subsequent search of the car. Appellants' primary claim against

---

[4]Under the Parratt/Hudson doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 529-37 (1984); Parratt v. Taylor, 451 U.S. 527, 535-45 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); see also Zinermon v. Burch, 494 U.S. 113, 128-32 (1990) (explaining that the rationale behind the Parratt/Hudson doctrine is that states could not predict and therefore could not be expected to safeguard against random and unauthorized deprivations through pre-deprivation processes).

Officer Smith is that he failed to notify the prosecutor's office directly about the seizure. Instead, the officer followed the department's protocol whereby the officer promptly files an oral report to a computer operator with instructions to notify the police department's drug unit; the computer operator generates a written report which is forwarded to the drug unit which, in turn, notifies the prosecutor's office about the seizure. We agree with the district court that Officer Smith did nothing unconstitutional. Despite the fact that this reporting procedure deviates slightly from the technical directives of the CAFA,[5] section 1983 liability must rest on something more than the mere fact that the officer promptly reported the seizure to the proper authority through an indirect means. With respect to the towing company, nothing in the record can establish its liability under section 1983 for any deprivation the appellants suffered in this situation.

In contrast, we believe that the appellants presented sufficient evidence from which the jury could find liability on the part of St. Louis County. Specifically, the evidence permits a finding that the deprivation the appellants suffered was not random and unauthorized, but rather a foreseeable consequence of the county's zero-tolerance seizure policy. Detective Robert Kenney of the St. Louis County Drug Enforcement Bureau testified about the county's policy of seizing all vehicles from which police recovered <u>any</u> quantity of suspected drugs. He described the large volume of

---

[5]The CAFA, in relevant part, provides:

> Seizure may be affected by a law enforcement officer authorized to enforce the criminal laws of this state . . . if the seizure is incident to a lawful arrest, search, or inspection and the officer has probable cause to believe the property is subject to forfeiture and will be lost or destroyed if not seized. Within three days of the date of seizure, <u>such seizure shall be reported by said officer</u> to the prosecuting attorney of the county in which seizure is effected . . . .

Mo. Rev. Stat. § 513.607.5(2) (1986) (emphasis added).

forfeiture cases forwarded to the prosecutor's office and estimated that his office received as many as a thousand telephone calls each week from property owners seeking the return of their seized property. Kenney knew of no coordination between the police department and the prosecutor's office to verify that seizure reports were properly forwarded to the prosecutor's office and that forfeiture decisions were properly relayed back to the police.[6] Putman and Lee testified about their unsuccessful efforts to locate their car and procure its return. The jury was also presented with evidence of the county's prolonged delay in releasing the hold on the car as well as the untimely and inaccurate correspondence to Putman and Lee. In short, appellants presented enough evidence for the jury to conclude that their deprivation of property was foreseeable in light of the county's zero-tolerance policy that so overwhelmed the county's seizure and forfeiture processes. Our determination that there was sufficient evidence to conclude that the county's misconduct was not random and unauthorized makes it unnecessary for us to decide whether the state afforded the appellants an adequate post-deprivation remedy.

---

[6]A 1993 amendment to the CAFA suggests that the Missouri legislature recognized that some type of coordination or accountability, necessary to protect individual rights, was missing from the system. The law now includes an annual reporting requirement:

> The prosecuting attorney . . . to whom the seizure is reported [by law enforcement] shall report annually . . . all seizures. Such report shall include the date, time, and place of seizure, the property seized, the estimated value of the property seized, the person or persons from whom the property was seized, the criminal charges filed, and the disposition of the seizure, forfeiture and criminal actions. The reports shall be made to the director of the Missouri department of public safety and shall be considered open record.

Mo. Rev. Stat. § 513.607.7 (1994).

III.

In sum, we hold that the district court properly granted judgment as a matter of law to Officer Smith and the towing company. The court erred, however, in granting the same relief to the county. Putman and Lee present enough evidence from which the jury could conclude that St. Louis County deprived them of their property without due process of law in violation of the Fourteenth Amendment. The evidence supported a finding that the acts attributable to the county were more than random and unauthorized. Accordingly, we affirm in part, reverse in part, and remand to the district court with instructions to allow this action under 42 U.S.C. § 1983 to proceed against St. Louis County.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

7