John E. AMPLEMAN, Plaintiff,

v.

TRANS STATES AIRLINES,
INC., Defendant.

Trans States Airlines, Inc.,
Counter-claimant,

v.

John E. Ampleman, Counter-defendant.

No. 4:01CV382.

United States District Court,
E.D. Missouri,
Eastern Division.

Dec. 17, 2001.

Kenneth Dick, Kevin Nelson, Nelson & Wolfe, L.L.C., Lindsay Dibler, William James, Wuestling & James, St. Louis, MO, for Plaintiff.

James N. Foster, Jr., William B. Jones, McMahon, Berger, Hanna, Cody, Linihan & McCarthy, St. Louis, MO, for Defendant.

Captain David J.A. Hayes, III, AR # 74343, Chief Legal Officer, Trans States Airlines, Inc., St. Louis, MO, Co–Counsel for Defendant.

### MEMORANDUM AND ORDER

SIPPEL, District Judge.

This matter is before the Court on Plaintiff John Ampleman's November 14, 2001 Motion to Dismiss Count III and Count IV of Plaintiff's First Amended Complaint With Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 81), and Plaintiff John Ampleman's subsequent Motion to Remand. This action began as an employment dispute between Ampleman and Defendant Trans States Airlines, Inc. ("TSA"), who does business as Trans World Express. This cause was originally filed in Missouri State Court. In his First Amended Complaint, Ampleman asserted claims for termination of employment in retaliation for exercising rights under Missouri's Workers' Compensation Law (Count I), violation of Missouri's Service Letter statute (Count II), breach of Contract (Count III), and breach of the Collective Bargaining Agreement ("CBA") between Defendant and the Airline Pilots' Association, (Count IV).

On March 14, 2001, TSA removed this cause because Count IV, which asserts a claim for breach of the CBA, raises a federal question under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended. Therefore, jurisdiction is premised upon 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental or ancillary). Since that time, TSA has filed a counterclaim under Federal Rule of Civil Procedure 13, over which this Court has original jurisdiction. TSA alleges that, during the course of this litigation, Ampleman accessed confidential and proprietary information over the internet from TSA's secure website using a login and password that he was no longer authorized to use. In two separate counts, TSA claims Ampleman's conduct violated the federal Electronic Communications Privacy Act and Missouri's Wiretapping Statute. Jurisdiction over these Counts is also premised upon Section 1331 and Section 1367.

On April 4, 2001 Ampleman filed a Motion for Partial Summary Judgment on Count II. Discovery on that issue has been completed, argument has been joined and the motion has been fully briefed.

### Motion to Dismiss Counts III and IV

Now Ampleman seeks to dismiss his two breach of contract claims with prejudice under Federal Rule of Civil Procedure 41(a)(2). He argues that such a dismissal will not prejudice TSA in the prosecution of their counterclaims and that, based upon the law in other circuits, "a Court has no discretion to deny a Motion to Dismiss with prejudice." However, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2). In this Circuit, "[i]t is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." *Great Rivers Coop. v. Farmland Indus., Inc.,* 198 F.3d 685, 689 (8th Cir.1999) (internal quotes and quoted case omitted).

Nevertheless, in the circumstances of this case, it is appropriate to grant Ampleman's Motion to Dismiss Counts III and IV. *Cf. Witzman v. Gross,* 148 F.3d 988, 992 (8th Cir.1998) (discussing factors used by reviewing court when assessing discretionary Rule

41(a)(2) decision, including: defendant's effort and expense preparing for trial, plaintiff's delay and diligence prosecuting action, explanation of need for dismissal, and pending dispositive motions). TSA has not opposed the Motion. Ampleman has not explained why he seeks dismissal, but he is in the best position to evaluate where he wishes to allocate his legal resources. It may well strain Ampleman's resources to force him to trial on an issue he no longer wishes to pursue. The parties have not filed dispositive motions on these claims and the proposed dismissal with prejudice might prevent inefficient use of judicial resources.

Therefore, Plaintiff John Ampleman's November 14, 2001 Motion to Dismiss Count III and Count IV of Plaintiff's First Amended Complaint With Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 81), will be granted.

### *Motion to Remand*

Ampleman, reasonably assuming that this Court would grant his motion to dismiss Counts III and IV, also moves this Court to remand his remaining claims to their state court of origin because this Court lacks subject-matter jurisdiction. A motion for remand must be made within thirty days of the removal unless the motion is based upon lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). However, the removal court must remand a case any time prior to final judgment that it becomes apparent the Court lacks jurisdiction. *See id.* This Court does not lack jurisdiction over Ampleman's remaining claims.

Ampleman's remaining claims are for termination of employment in retaliation for exercising rights under Missouri's Workers' Compensation Law (Count I), and violation of Missouri's Service Letter statute (Count II). This Court continues to have jurisdiction over these state-law claims under 28 U.S.C. § 1367, just as it had at the time of the removal. When a federal court has original jurisdiction over a claim that raises a federal question, Section 1367 provides for the mandatory exercise of supplemental jurisdiction over pendent state-law claims that are so related to the federal-question claim that the claims form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). However, Section 1367, subsection (c) provides exceptions to the mandatory commitment of federal jurisdiction and allows federal courts to decline to exercise supplemental jurisdiction over pendent state-law claims if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

■ This Court may decline to exercise its jurisdiction over Ampleman's remaining state-law claims because his federal question claim has been dismissed; but, the Court is not required to decline jurisdiction. *See Kansas Public Employees Retirement Sys. v. Reimer & Koger Assocs., Inc.,* 77 F.3d 1063, 1067–68 (8th Cir.) (existence of supplemental jurisdiction is determined at time of removal even though subsequent events may remove from case facts upon which jurisdiction was predicated), *cert. denied,* 519 U.S. 948, 117 S.Ct. 359, 136 L.Ed.2d 250 (1996). Therefore, remand is not mandatory.

■ The Supreme Court has distinguished between the power to exercise jurisdiction over pendent claims and the advisability of exercising such jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In this case, the Court may not decline jurisdiction over TSA's counterclaims. The counterclaims in this matter are based on Ampleman's alleged conduct during discovery in the litigation of his remaining claims. The parties have already fully briefed a motion for partial summary judgment on one of Ampleman's remaining claims. To remand that

claim would be an extremely inefficient use of judicial resources. Neither of Ampleman's remaining claims raises novel or complex issues of state law. Therefore, this Court will retain jurisdiction over Counts I and II of Ampleman's First Amended Complaint and his Motion to remand will be denied. *See Murray v. Wal–Mart, Inc.,* 874 F.2d 555, 558 (8th Cir.1989) (affirming district court's exercise of discretion to retain pendant jurisdiction over pendant state-law claims after dismissal of federal question claim; in addition to convenience, fairness, and comity, substantial investment of time and judicial resources may justify exercise of jurisdiction over state claims after federal claim has been dismissed).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff John Ampleman's November 14, 2001 Motion to Dismiss Count III and Count IV of Plaintiff's First Amended Complaint With Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 81), is **GRANTED;**

**IT IS FURTHER ORDERED** that Count III and Count IV of Plaintiff's First Amended Complaint are **DISMISSED WITH PREJUDICE;** and,

**IT IS FURTHER ORDERED** that Plaintiff John Ampleman's Motion to Remand is **DENIED.**