279 F.Supp.2d 1057 (2003)
Ronald Lawrence JONES, Plaintiff,
v.
CITY OF ST. LOUIS, et al., Defendants.
No. 4:01CV1444 DDN.
United States District Court, E.D. Missouri, Eastern Division.
May 9, 2003.
Ronald L. Jones, St. Louis, MO, Pro se.
Bryan T. Voss, Blackwell and Associates, P.C., O'Fallon, MO, Allen P. Press, Green and Schaaf, St. Louis, MO, for Plaintiff.
Thomas R. McDonnell, St. Louis City Counselor, St. Louis, MO, for Defendant.

*1058 MEMORANDUM

NOCE, United States Magistrate Judge.
This matter is before the court upon the motion of defendant City of St. Louis to dismiss the first amended complaint of plaintiff Ronald L. Jones (Doc. 25). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Defendant's motion is denied.

BACKGROUND
Plaintiff's first amended complaint alleges five claims against the City of St. Louis (hereinafter "City") and Bill's Towing Service.[1] Counts I-III allege claims against the City and Counts IV and V allege claims against Bill's Towing Service. (Doc. 25).
Plaintiff alleges that he is the son of Monroe Jones, Jr. (hereinafter "decedent"), who died intestate in July 2000. Upon decedent's death, plaintiff alleges that he obtained a vested protectable residuary property interest in decedent's estate as the rightful beneficiary of decedent. When he died, decedent was the titled owner of a 1987 Buick Century, VIN # 1G4AH51WOH6411755 (hereinafter "vehicle"). Plaintiff alleges that the vehicle became part of decedent's estate upon his death. Plaintiff claims he had sole custody and control of the vehicle and, as the beneficiary to decedent's estate, exercised lawful ownership of the vehicle.
Plaintiff alleges that in April 2001 he was in possession of the vehicle, which was towed and impounded for unpaid parking tickets (of which plaintiff was not aware) despite his request that a police officer at the scene permit him to go downtown and remedy the situation. Almost a week later, plaintiff was able to see someone about the car problem; all outstanding tickets were dismissed, given that plaintiff's father had passed. The towing company, however, refused to release the car, claiming plaintiff owed towing and storage fees. It also refused to drop the fees despite the tickets having been dropped. Plaintiff subsequently lost his job because he could not get to work. Consequently, he could not afford to retrieve the car; the storage fees rose daily; and the car, which contained tools, was auctioned.
For relief, plaintiff seeks judgment against the City for compensatory damages, punitive damages, attorney's fees, and costs.
Defendant City has moved to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. 26).

STANDARD OF REVIEW
A motion to dismiss due to lack of subject matter jurisdiction is governed by Rule 12(b)(1). When considering a motion under Rule 12(b)(1), the trial court is free to weigh all evidence and come to a conclusion regarding its power to hear a case. Osborn v. United States, 918 F.2d 724, 730 (8th Cir.1990). Accordingly, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Moreover, the plaintiff carries the burden of proof in establishing the existence of jurisdiction. Id.

DISCUSSION
In its motion to dismiss plaintiff's first amended complaint, the City argues that plaintiff relies on Mo.Rev.Stat. § 473.340, which provides a procedure over which *1059 this court lacks subject matter jurisdiction. (Doc. 26 at 2). Mo.Rev.Stat. § 473.340 creates a discovery of assets action, which is a special statutory proceeding over which the state probate court has original and exclusive jurisdiction. Chaney v. Cooper, 954 S.W.2d 510, 519 (Mo.Ct.App.1997).
In response, plaintiff directs the court's attention to Mo.Rev.Stat. § 473.260,[2] which, plaintiff argues, provides that title passes to the heirs upon the death of the decedent. (Doc. 26 at 3). See State v. Cox, 784 S.W.2d 244, 245 (Mo.Ct.App.1989) (stating that, according to § 473.260, title to property passes to the beneficiaries of a will at the testator's death); Basler v. Delassus, 690 S.W.2d 791, 795 (Mo.1985) (stating that § 473.260 does not distinguish between real and personal property).
Count III of plaintiff's first amended complaint alleges that his vehicle was seized without due process, a violation of plaintiff's federal constitutional rights. (Doc. 25 at 5). This raises a clear federal question, thus invoking this court's original jurisdiction under 28 U.S.C. § 1331. Consequently, according to 28 U.S.C. § 1367, this court possesses jurisdiction over all of plaintiff's claims.
When a federal court has original jurisdiction over a claim that raises a federal question, Section 1367 provides for the mandatory exercise of supplemental jurisdiction over pendent state-law claims that are so related to the federal-question claim that the claims form part of the same case or controversy under Article III of the United States Constitution.
Ampleman v. Trans States Airlines, Inc., 204 F.R.D. 437, 439 (E.D.Mo.2001); 28 U.S.C. § 1367(a).
In Count III of his first amended complaint, plaintiff alleges that the City "violated his due process rights, and right against unreasonable search and seizure, protected under Articles 10, 15 and 21 of the Missouri Constitution, as well as the Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution." (Doc. 25 at 5).
It is clear that plaintiff alleges a seizure and resulting harm, supporting a viable Fourth Amendment claim. "The Fourth Amendment requires that a seizure be `reasonable'," and that reasonableness "depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers." Vickroy v. City of Springfield, 706 F.2d 853, 854 (8th Cir. 1983) (citing United States v. Brignoni-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975)). Further, a plaintiff claiming a Fourth Amendment violation "must establish as a threshold matter that he had a legitimate expectation of privacy in the object searched or seized." United States v. Pinson, 24 F.3d 1056, 1058 (8th Cir.1994) (citing Katz v. United States, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)); see also Soldal v. Cook County, 506 U.S. 56, 61, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992) (seizure of property protected by Fourth Amendment occurs whenever there is some meaningful interference with individual's possessory interest in that property); Dixon v. Lowery, 302 F.3d 857, 862 (8th Cir.2002) (Fourth Amendment *1060 "protections exist regardless of whether an officer is acting in a criminal or civil capacity"); Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999) (boat and trailer were undoubtedly "seized" for Fourth Amendment purposes when deputy levied on them and had them towed); Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1324 (9th Cir.1982) (person's ability to make living and his access to both necessities and amenities of life may depend upon availability of automobile).
Although the deprivation of a constitutionally protected property interest by the state is not unconstitutional per se, it is unconstitutional to do so without due process. Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Due process is a flexible concept, with varying procedural protections dependent on the particular deprivation involved. Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). At this early stage of the proceedings, the degree and adequacy of the procedural protections afforded plaintiff under Missouri law have not been addressed by the parties. Further, this court cannot say beyond doubt that plaintiff will not be able to prove any set of facts in support of his claim that would entitle him to relief, e.g., that the officer acted under an officially adopted policy or custom as opposed to acting randomly and without authorization, or that plaintiff did not have a meaningful opportunity to challenge the seizure. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (although local government may not be sued under § 1983 for injury inflicted solely by its employees or agents, when execution of its policy or custom inflicts injury, that government is responsible under § 1983); Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir.2002) (beyond-doubt standard for analyzing complaint under Rule 12(b)(6)); United States v. BP Amoco Oil PLC, 277 F.3d 1012, 1018 (8th Cir.) (fundamental requirement of due process is opportunity to be heard at meaningful time and in meaningful manner), cert. denied sub nom. Dico, Inc. v. United States, 537 U.S. 942, 123 S.Ct. 342, 154 L.Ed.2d 249 (2002); Putman v. Unknown Smith, 98 F.3d 1093, 1096 (8th Cir.1996) (whether deprivation of car owners' property was random and unauthorized, or whether it was foreseeable consequence of county's policy was question for jury in § 1983 action against county alleging violation of car owners' due process rights when their car was seized and held for approximately two years); Coleman v. Watt, 40 F.3d 255, 262 (8th Cir.1994) (state law post-deprivation remedies bear relevance only where challenged acts of state officials can be characterized as random and unauthorized).
In conclusion, this court has subject matter jurisdiction over all claims in this matter. An appropriate order is issued herewith, denying the motion to dismiss.
NOTES
[1] The claims against the towing service were dismissed without prejudice under Fed. R.Civ.P. 4(m) for failure to effect timely service of process. (Doc. 10).
[2] Section 473.260 provides:

When a person dies, his real and personal property, except exempt property, passes to the persons to whom it is devised by his last will, or, in the absence of such disposition, to the persons who succeed to his estate as his heirs; but it is subject to the possession of the executor or administrator and to the election of the surviving spouse and is chargeable with the expenses of administering the estate, the payment of other claims and allowances to the family, except as otherwise provided in this law.