CASES IN CHANCERY.

### MALIN *against* MALIN and others.

A mere nominal trustee cannot bring a suit in his own name, but the *ces-tui que trust* must be joined.

If a person has religious scruples against being a party in a suit, he may, it seems, sue by his *prochein ami.*

Persons incompetent to protect themselves, from old ·age, weakness of mind, or from some delusion or fanaticism, are entitled to the protection of the Court.

*November* 14th.     THE bill stated, that a religious society was formed at *Jerusalem*, in the county of *Ontario*, denominated "The Society of Universal Friends," of which *Jemima Wilkinson* was the founder and head.   That for the support of *Jemima*, and the poor of the society, she purchased, on the 5th of *January*, 1792, certain lands, in the bill described, and paid the purchase money, and that, as a rule of the society forbade any estate being vested in her, she nominated one of her followers, by the name of *Sarah Richards*, to be her

[ * 239 ]     trustee, and the deed was taken in the name of the *said *Sarah*, without any expression of the trust in the deed. That *Sarah Richards* died on the 29th of *December*, 1795, and by her will devised the lands in question to the plaintiff, and devised other property to her only child, *Eliza Richards*. That the said *Eliza*, afterwards left the society, and married the defendant, *Enoch Malin*, and owing to some alleged imperfection in the devise, the defendants lay claim to the lands in question, under the said *Eliza*, and have entered thereon. That the said *Jemima* is restrained by her profession and conscience from becoming a party to any suit or proceeding at law whatever.

The defendants having answered the bill, and issue being joined, and proof taken, the cause was brought on to a hearing.

*Gold*, for the plaintiff.

*E. Williams*, for the defendants.

It was objected, at the opening of the cause, at the hearing, that *Jemima Wilkinson* ought to have been made a party plaintiff, as she was the only person equitably entitled, according to the showing in the bill; and it was answered, that she could not be prevailed on, from scruples of conscience peculiar to the sect, to become a party.
190

THE CHANCELLOR.  As *Jemima Wilkinson* is the *cestui que trust* of the lands in question, from the showing in the bill, and the present plaintiff is but a mere nominal trustee, it is indispensable that she should be made a party, to entitle her to relief.  The case of *Kirk* v. *Clark* (*Prec. in Ch.* 275.) is precisely to the point; and the same rule was declared in *Adams* v. *St. Ledger*, (1 *Ball & Beatty*, 181.)  The cause must, therefore, go off, to the end that the *cestui que trust* be made a party.  In the case of *Kirk* v. *Clark*, the objection was taken, as in this case, at the hearing, *and the chancellor ordered the bill, answer, and depositions to stand, and the next day the *cestui que trust* was made plaintiff, by her next friend.  If *Jemima W.* has religious scruples which cannot be surmounted, and this shall be made to appear, either by affidavit or the report of a master, as may be directed, perhaps she may be permitted to become plaintiff by her *prochien amy*.  A person incompetent to protect himself, from age, or weakness of mind, or from some religious delusion or fanaticism, *quem urget fanaticus error vel iracunda Diana,* ought to come under the protection of the Court.

N. B.  The counsel, afterwards, mutually consented that the name of *Jemima W.* should be added as a party plaintiff, and the cause, on the same day, proceeded to a hearing.