GEORGE F. PLYMPTON *vs.* WILLIAM HALL *et al.*

Argued June 21, 1893.   Affirmed Sept. 8, 1893.

No. 8150.

**Guardian ad Litem or Next Friend—When Appointed.**

Where persons are incapable of acting for themselves, as in the case of lunatics, they are entitled to the protection of the court, and proceedings will be instituted under its direction. Suit may be brought in their name, and the court will authorize some suitable person to carry it on as next friend or guardian ad litem.

**District Courts may Appoint.**

The power of the District Courts to exercise such authority is not taken away by the provisions of the General Statutes authorizing the Probate Courts to appoint general guardians for insane persons.

**Proceeding is Discretionary.**

But it is in the discretion of the court to allow an action so instituted to proceed or not, and it may order a stay of proceedings to await the due appointment of a general guardian, or order the same to be discontinued, as it may be advised.

Gilfillan, C. J., and Collins, J., dissent on the ground that the insane person is nonresident.

Appeal by defendant, Israel W. Cone, one of the defendants, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made December 1, 1892, denying his motion to dismiss the action.

On June 9, 1891, Andrew S. Keyes presented his petition in the District Court, stating that George F. Plympton of Massachusetts was of unsound mind and had there been adjudged a lunatic and had no general or testamentary guardian in this state. That he owned and was entitled to the possession of lot six (6) in block (20) in St. Anthony, now in the City of Minneapolis. That Israel W.

Cone, William Hall and Charles L. Willard had possession of the lot and were receiving rents for it; that the petitioner was the next friend of the lunatic, and he asked to be appointed his guardian *ad litem* to bring an action of ejectment to recover possession of the property. He was thereupon appointed and commenced this action in the name of Plympton against the three defendants. They answered, denying plaintiff's title and claimed to own the lot under a sale thereof for taxes. On December 1, 1891, they moved the court to dismiss the action on the ground that the court had not acquired jurisdiction of the person or estate of the plaintiff, he being non-resident. The motion was denied, but all proceedings were stayed until a duly authorized guardian of the plaintiff could be appointed by the Probate Court. From that order the defendant Cone appeals.

*Young & Fish*, for appellant.

A guardian *ad litem* is never appointed except for an infant. 1878 G. S. ch. 66, §§ 30, 31; *Clark* v. *Platt*, 30 Conn. 282.

Our statutes confer upon the Probate Court, as full jurisdiction in the matter of the estates of insane persons as of minors. Probate Code, §§ 142, 152; *State* v. *Wilcox*, 24 Minn. 143. Where probate jurisdiction remains in the courts of chancery, there may be some color for the claim that they have inherent power to appoint special guardians for insane persons, but here such jurisdiction is vested wholly in the Probate Court, and the general guardian which it alone can appoint, is required to appear for and represent his ward in all legal proceedings except in the cases where a special guardian is provided for by statute. (Probate Code, § 148.) Where such is the law, none but the general guardian can sue in behalf of a lunatic. *Covington* v. *Neftzger*, 140 Ill. 608; *Gustafison* v. *Ericksdotter*, 37 Kan. 670.

The action itself, being wholly unauthorized, conferred no jurisdiction and called no powers of the court into action. *Stocking* v. *Hanson*, 35 Minn. 207.

Want of jurisdiction is not waived by appearance and answer. The statute expressly excepts from the effect of the answer as a waiver the objection to the jurisdiction of the court. 1878 G. S. ch. 66, § 95.

To hold that a party appearing as defendant could, by his appear-
ance, give the court jurisdiction over any one named as plaintiff,
without his consent or knowledge, is of course wholly inadmissi-
ble.

The objection is not to plaintiff's capacity to sue nor to the
authority of the attorney.   It is the jurisdiction of the court to
proceed in an action to which it affirmatively appears that the
plaintiff has in no way consented.   If the plaintiff is not in court,
then nothing is in court, and no order is proper but an order of
dismissal.   This is not a question of lack of power to sue, but a
lack of any suit.   The plaintiff is not here.   He could not be bound
by any judgment against him, for he is not in court.

*Howard A. Turner* and *James I. Best*, for respondent.

The defendant, after answering to the merits, cannot raise this
question.   It comes too late.   It should have been done by motion
before answering.   The answer necessarily concedes that there is
a plaintiff properly in court.   This precise question was raised and
decided adversely to the defendant in *Schuek* v. *Hagar*, 24 Minn.
339.

All the authorities hold that an insane person, before inquisition
found, may bring an action by a guardian or a next friend.   *Rock*
v. *Slade*, 7 Dowl. 22; *Nelson* v. *Duncombe*, 9 Beav. 231; *Light* v.
*Light*, 25 Beav. 248; *Jones* v. *Lloyd*, L. R. 18 Eq. Cas. 265; *Dor-
sheimer* v. *Roorback*, 18 N. J. Eq. 438; *Whetstone* v. *Whetstone*, 75
Ala. 495; *Newcomb* v. *Newcomb*, 13 Bush 544; *Chicago & P. R. Co.*
v. *Munger*, 78 Ill. 300; *Allen* v. *Ransom*, 44 Mo. 263.

If no suit could be commenced in behalf of an insane person until
he conferred the authority, none could be commenced, because such
person cannot confer such authority.   Such suits, however, may
be commenced, and the authority to commence them must be con-
ferred by someone who represents him.   After appointment, this
authority may be said to be with his committee or guardian; but
before any appointment, the authority *ex necessitate rei* must be
in the court in which the action is commenced.   *Denny* v. *Denny*,
8 Allen, 311.

The defendant contends that the Probate Code invests the gen-
eral guardian with exclusive authority to commence actions; and

therefore none can be commenced by any other person. The statute does not purport to do anything of the kind, but it leaves this matter precisely as it existed before the adoption of the statute. The only reference to the subject is found in the last clause of section 148 of the Probate Code, which provides that the guardian shall appear and represent his ward in all legal proceedings unless another person is appointed for that purpose. This does not invest him with such authority, but on the contrary is a clear legislative recognition that the courts possess the power to appoint other persons to represent such wards in legal proceedings. All the plaintiff lacked before the commencement of the suit was legal capacity to sue. This was supplied by the appointment of a guardian *ad litem.*

VANDERBURGH, J. In this case the plaintiff, an alleged lunatic, appears and sues by guardian *ad litem.* This appearance by guardian is under the sanction and direction of the court which appointed, as such guardian, on the proper application, a person represented to be the next friend of the lunatic.

Persons incompetent to protect themselves, from age or weakness of mind, are entitled to come under the protection of the court, and proceedings will be instituted under its direction, as was done in this case. *Malin* v. *Malin,* 2 Johns. Ch. 238; *Denny* v. *Denny,* 8 Allen, 313.

A lunatic is not supposed to be able, without the assistance of others, to know what steps may be necessary to protect his estate. Suits in his behalf are usually instituted in his name, but as he is a person incapable, in law, of taking any steps on his own account, he sues by the committee of his estate, if any, or, if none, by his next friend, who is responsible for the conduct of the suit. 1 Daniel, Ch. Pr. § 83; Story, Eq. Pl. § 66.

In *Beall* v. *Smith,* L. R. 9 Ch. App. 91, the general rule in chancery is thus stated: Where there is a person of unsound mind, and therefore incapable of invoking the protection of the court, that protection may be invoked, in proper cases, and to the extent proper in his behalf, by any person, as his next friend. But every person so constituting himself, officiously, the guardian of a person of unsound mind, does so at his own risk, and he must be

prepared to vindicate the propriety of the proceedings, if they are called in question. *Nelson* v. *Duncombe,* 9 Beav. 231; *Light* v. *Light,* 25 Beav. 248; *Whetstone* v. *Whetstone,* 75 Ala. 495.

The remark of the trial judge in *Halfhide* v. *Robinson,* L. R. 9 Ch. App. 373, that a bill cannot be so filed by a next friend, is not sanctioned by other or later cases. In *Jones* v. *Lloyd,* L. R. 18 Eq. 275, it is said that everybody knows it takes some time to make a lunatic by inquisition, and his family sometimes hesitate about making him such. Is it to be tolerated that any one may injure him or his property without there being any person to restrain such injury? *Rock* v. *Slade,* 7 Dowl. 22.

So, in some statutes of limitation, there is no saving clause in favor of lunatics, and in some cases prompt action may be required in instituting an action to save rights which might otherwise be lost. The rule can be no different in actions at law. *Rock* v. *Slade, supra.*

The appellant here concedes that the lunatic may sue, and I suppose whether resident or nonresident, but this necessarily implies that there must be some one to institute and manage the suit, as next friend or guardian.

Again, it is suggested that there is no authority in this state for an appearance of any other guardian for a lunatic than one appointed by the Probate Court, "who shall appear for and represent his ward in all legal proceedings unless another person is appointed for that purpose." Laws 1889, ch. 46, § 148. This provision does not take away the power vested in the court to authorize a next friend to act as guardian *ad litem* for the purposes of a suit, but reserves and saves it. Under a statute substantially similar, in Massachusetts, where the Probate Courts have the exclusive jurisdiction to appoint guardians for the person and estate of lunatics, the Supreme Court sustains this view, and holds that the provisions of the statute do not limit the powers of the court in which an action is brought by or on behalf of a lunatic to appoint a guardian or next friend to appear in his behalf, and approves the doctrine as stated in Story, Eq. Pl. § 66: "Where persons are incapable of acting for themselves, the suit may be brought in their name, and the court will authorize some suitable

person to carry it on as their next friend." Gen. St. Mass. 1860, ch. 109, § 18; *Denny* v. *Denny*, 8 Allen, 313.

But in every such case it is in the discretion of the court to allow the suit to proceed or not, and it will order a stay of proceedings, or the suit to be discontinued, if it be deemed improper. Story, Eq. Pl. § 66.

So, this suit, to recover real property here, was instituted by the guardian in this case under the direction of the court, and after the answer was served, in the exercise of its discretion, it ordered a stay of the proceedings to await the due appointment of a guardian by the Probate Court. In this there was no error. This court will hardly assume to question the good faith of the guardian, or the propriety of the action of the court in authorizing the institution of the suit by him.

Order affirmed.

GILFILLAN, C. J. I dissent. However it may be in respect to the power of the District Court to appoint a guardian *ad litem* to prosecute an action in behalf of a resident insane person, I do not think it can be done for a nonresident, over whose person the courts of this state have no jurisdiction; and such was this case.

COLLINS, J. I concur in the dissenting opinion of the Chief Justice.

(Opinion published 56 N. W. Rep. 351.)