## IN RE GUARDIANSHIP OF WILLIAM C. FOUST, INCOMPETENT.[1]

October 25, 1935.

No. 30,425.

E. Luther Melin, for appellant.

Martin W. Goldsworthy and Stinchfield, Mackall, Crounse, McNally & Moore, for Lena Foust, guardian.

[1]Reported in 262 N. W. 875.

HILTON, JUSTICE.

An appeal from an order of the district court of Hennepin county dismissing an appeal from orders of the probate court.

William C. Foust, an ex-service man (hereafter referred to as Foust), was an inmate of the Minneapolis General Hospital in February, 1926. On February 11, 1926, he was duly adjudged incompetent by the probate court of Hennepin county. On March 12, 1926, he was admitted to the Rochester State Hospital for the Insane, suffering from general paralysis, where he remained until October 20, 1928, when he was transferred to the United States Veterans Hospital at St. Cloud, Minnesota. There his ailment was diagnosed as paresis. On August 11, 1934, he was paroled from the Veterans Hospital into the custody of his wife and guardian, Lena Foust. Some time after September 18, 1934 (the record is not clear as to the exact date), the guardian had him again placed in the Veterans Hospital.

A petition and affidavit, dated September 17, 1934, signed and sworn to by Foust, was filed in the probate court of Hennepin county. It prayed that the petitioner be restored to capacity, a new guardian appointed in the place of Lena Foust, and purported to authorize E. Luther Melin, an attorney, to act as such in his behalf. Another affidavit of the same date in support of the petition, made by Dr. Julius Johnson, a Minneapolis physician, stated that it was his belief that Foust was fit for social adjustment outside of the Veterans Hospital. Upon said petition and affidavits, an order, returnable September 22, 1934, citing Lena Foust and Dr. Hans O. Hanson, superintendent of said Veterans Hospital, to show cause why Foust should not be placed on parole and eventually restored to capacity and a new guardian appointed, was issued on September 17, 1934, by the probate court. From an *ex parte* order dated October 2, 1934, and an order dated October 11, 1934, issued by the probate court dismissing the citation, order, motion, and petition as to Dr. Hans O. Hanson and Lena Foust, respectively, Melin appealed to the district court of Hennepin county on behalf of Foust.

In an affidavit dated November 13, 1934, Foust denied signing the petition heretofore mentioned, claimed that he never employed Melin as his attorney in these proceedings, and that he did not want him as his attorney. On the basis of that affidavit and one by Dr. Hanson to the effect that Foust was not mentally or physically fit to leave the hospital, and on the motion of Lena Foust, the guardian, the district court on November 16, 1934, issued an order citing Melin to appear on November 21, 1934, and show cause why the appeal should not be dismissed by reason of his lack of authority to appear for or represent Foust. At the same time the proceedings were stayed until such time as Melin should prove such authority.

On November 23, 1934, the district court issued a further order appointing Walter S. Lundeen, an attorney and ex-service man, guardian *ad litem* of Foust to make an investigation into the entire matter and to report on the same to the court. Lundeen found and reported that Foust was suffering from paresis, insanity, incompetency, was incapable of handling his own affairs and had not authorized Melin to take an appeal from the order of the probate court; and that he did not want Melin to represent him. Lundeen's findings as to Foust's ailments were based on a written report of the staff physicians of the Veterans Hospital.

The order here appealed from, of which Lundeen's report was made a part, was without prejudice to a renewal of further applications to the probate court when the condition of Foust would warrant it.

There are nine assignments of error, only a few of which need be considered separately. It is alleged that the district court was in error in not allowing Melin expense money and attorney's fees for his appearances on behalf of the incompetent. There is no record of any petition having been filed in either of the lower courts for such allowances, and it is therefore a matter over which this court has no power. Appellant also complains of the district court's action in appointing a guardian *ad litem*. The right and power of the district court to so do has long been recognized. Plympton v. Hall, 55 Minn. 22, 56 N. W. 351, 21 L. R. A. 675. Under the

circumstances of this case, the district court had the right to permit the questioning of the authority of Melin to take the appeal from the probate court to the district court.

We have considered all the assignments of error and conclude that the order of the district court should be and hereby is affirmed. The motion of Melin for attorney's fees and expenses is denied.

Affirmed.