Gerald MARKER, Appellant,

v.

Robert GREENBERG, Respondent.

No. 81–102.

Supreme Court of Minnesota.

Dec. 4, 1981.

Arthur, Chapman & Michaelson and Robert W. Ketterling, Jr., Minneapolis, for appellant.

Malin D. Greenberg and H. Z. Mendow, St. Louis Park, for respondent.

SCOTT, Justice.

This is an appeal from an order of the Hennepin County District Court in a legal malpractice action brought by the surviving joint tenant against the attorney who drafted the deed. By that order the trial court granted respondent Robert Greenberg's motion for summary judgment on the grounds that plaintiff could not bring the action absent an attorney-client relationship and that the six-year statute of limitations barred the action since the statutory period began to run in 1973 when the alleged negligence occurred. We affirm.

For purposes of this appeal, the facts are uncontested. Appellant's father, Theodore Marker, retained respondent, an attorney, for estate planning services. In December 1972 respondent prepared a will for appellant's father. In August 1973, on behalf of appellant's father, respondent drafted deeds which conveyed certain real estate to appellant's father and appellant as joint tenants.

Appellant's father died on December 24, 1977. Because the real estate in question was held by appellant and his father as joint tenants, its entire value, $120,000, was included in the decedent's gross estate for tax purposes.

Appellant asserts that, if he and his father had held the real estate as tenants in common, $20,858.18 in federal and state taxes would have been saved. Appellant

commenced this action to recover the amount of the additional estate taxes, claiming the loss resulted from respondent's negligence in not having the real estate conveyed into tenancy in common.

Appellant was never a client of respondent. Appellant does not allege that he was a beneficiary of his father's estate with respect to this property, but that he was a surviving joint tenant.

The trial court granted summary judgment in favor of the respondent and dismissed the complaint. Therefore, the issue arises as to whether a surviving joint tenant has a cause of action for malpractice against the attorney who drafted the joint tenancy deeds when the surviving joint tenant was never a client of the attorney.

■ The general rule in legal malpractice is that an attorney is liable for professional negligence only to a person with whom the attorney has an attorney-client relationship and not, in the absence of special circumstances such as fraud or improper motive, to anyone else. *McDonald v. Stewart*, 289 Minn. 35, 182 N.W.2d 437 (1970). *See also Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686 (Minn.1980). Courts have recognized exceptions, however, where strict privity is not required. Exceptions are frequently found in cases involving drafting or executing a will.

Many courts have followed the lead of the California Supreme Court, which declared in *Lucas v. Hamm*, 56 Cal.2d 583, 364 P.2d 685, 15 Cal.Rptr. 821 (1961), *cert. denied* 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962), that an intended beneficiary may bring an action for legal malpractice against the decedent's attorney where the attorney's negligent act caused the named beneficiary to lose the intended bequest. *See, e. g., Heyer v. Flaig*, 70 Cal.2d 223, 449 P.2d 161, 74 Cal.Rptr. 225 (1969); *Licata v. Spector*, 26 Conn.Supp. 378, 225 A.2d 28 (1966); *McAbee v. Edwards*, 340 So.2d 1167 (Fla.App.1976); *Woodfork v. Sanders*, 248 So.2d 419 (La.App.), *cert. denied* 259 La. 759, 252 So.2d 455 (1971); *see generally*, Annot., 45 A.L.R.3d 1181 (1972 & Supp. 1980).

The relaxation of the strict privity requirement is very limited, however. Especially in probate proceedings, this stringent restriction is a necessity to prevent a myriad of causes of action. The will cases listed above which follow *Lucas v. Hamm* are all situations in which the attorney by his actions produced an instrument that failed to carry out the testamentary intent of the testator, either by faulty drafting or by improper attestation. The cases extending the attorney's duty to non-clients are limited to a narrow range of factual situations in which the client's sole purpose in retaining an attorney is to benefit directly some third party. As stated by the Iowa Supreme Court in *Brody v. Ruby*, 267 N.W.2d 902, 906 (Iowa 1978), "It is clear, however, that the third party, in order to proceed successfully in a legal malpractice action, must be a direct and intended beneficiary of the lawyer's services." *See also Pelham v. Griesheimer*, 93 Ill.App.3d 751, 49 Ill.Dec. 192, 417 N.E.2d 882 (1981) (attorney retained in divorce case had no duty to children of client); *Clagett v. Dacy*, 47 Md.App. 23, 420 A.2d 1285 (1980) (attorney representing seller of property had no duty to high bidders at foreclosure sale).

In determining the extent of an attorney's duty to a non-client, courts frequently consider the factors expressed by the *Lucas* court:

[T]he determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury, and the policy of preventing future harm.

*Lucas v. Hamm*, 56 Cal.2d at 588, 364 P.2d at 687, 15 Cal.Rptr. at 823.

■ Applying these factors to the deed drafted by respondent for appellant's father reveals that the respondent owed no duty to

appellant. This is not a case where the property did not pass to the intended recipient upon the death of the testator. The deed was effective at the time it was recorded in 1973. There was no invalidity in the deed. Appellant does not allege that the disposition of the property was contrary to the intent of his father. The benefit which Theodore Marker wished to give to his son was the joint ownership of the property, and this was accomplished by the documents.

The facts of *Bucquet v. Livingston,* 57 Cal.App.3d 914, 129 Cal.Rptr. 514 (1976), to which appellant compares his situation, are distinguishable. In *Bucquet,* the beneficiaries of an inter vivos trust alleged professional negligence by the defendant attorney in drafting the trust agreement. The complaint alleged that the attorney was employed to plan the settlor's estate and to carry out his intent that the non-marital half of the trust principal would ultimately pass to the beneficiaries free of estate taxes after his wife's death. Because the attorney negligently included a general power of appointment in the instrument, additional taxes were imposed which reduced the corpus of the trust passing to the beneficiaries. In that case the express purpose of the trust was minimization of taxes. No such purpose is alleged in the instant case. In *Bucquet* the desired savings in taxes failed because of the faulty drafting by the attorney. In the present case, there is no allegation that the deed as drafted failed to accomplish the objective of the client as expressed to the respondent.

The facts of the instant case are more similar to those of *Hiemstra v. Huston,* 12 Cal.App.3d 1043, 91 Cal.Rptr. 269 (1970). In that case the court recognized the exception established in earlier California cases holding an attorney liable to an intended beneficiary for defects in drafting of a will. The court nevertheless held that the complaint failed to state a cause of action in the allegations that under a will drafted by the defendant attorneys the plaintiff son received a smaller bequest than he would have received under an earlier will of testator. The court noted that plaintiff did not assert any legal deficiency in the will, nor did plaintiff assert either as a conclusion or by allegation of ultimate facts that the will failed to reflect the intent of the testator. The court concluded that if plaintiff was deprived of a substantial part of his father's estate, it was the result not of any negligence on the part of the defendant attorneys but of the testator's intention as expressed in the valid document.

In the case before us, the objective of the deed was to transfer ownership of the real estate to joint tenancy between the father and the son. The complaint alleges no invalidity in the documents and no conflict of the result with decedent's intentions. The estate taxes that were due at Theodore Marker's death were the natural result of the form of ownership chosen by the decedent and not the result of any negligence by respondent. In this case summary judgment was proper. We therefore need not discuss the disputed application of the statute of limitations.

Affirmed.