# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3057

_____

Joyce Witzman,                          \*
                                        \*
      Appellant,              \*
                                        \*   Appeal from the United States
   v.                                 \*   District Court for the
                                        \*   District of Minnesota.
Bert M. Gross; Phillips & Gross, P.A.,  \*
formerly known as Phillips, Gross &     \*
Aaron, P.A.,                            \*
                                        \*
      Appellees.              \*

_____

Submitted:  March 13, 1998

Filed:  July 7, 1998

_____

Before WOLLMAN and HANSEN, Circuit Judges, and GOLDBERG,[1] Judge.

_____

WOLLMAN, Circuit Judge.

Joyce Witzman appeals from the district court's[2] grant of summary judgment in favor of Bert Gross, and Phillips & Gross, P.A. (appellees) and the dismissal of her

_____

[1]The HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International Trade, sitting by designation.

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

claims with prejudice. Witzman also appeals from the district court's denial of her motion to voluntarily dismiss without prejudice. We affirm.

## I.

Witzman and Blair Wolfson, her brother, are beneficiaries of several trusts established by their parents. Wolfson also served as trustee of the various trusts and has administered them throughout their existence. During most of that time period, the appellees served as Wolfson's counsel in his capacity as trustee.

In 1993, Witzman filed three separate petitions in Minnesota state court, which alleged that Wolfson had breached his fiduciary duty as trustee. She specifically alleged that Wolfson had failed to prepare and file annual accounts of the trusts as required by Minnesota law, took excessive fees, engaged in self-dealing, and made imprudent investments with trust assets. In late 1994, Witzman and Wolfson reached a settlement. The agreement provided, among other things, that: (1) Witzman would receive a substantial amount of property; (2) Witzman's claims against the appellees were expressly preserved; and (3) Wolfson was obligated to cooperate with Witzman in any action against the appellees. As part of the settlement agreement, Witzman provided Wolfson with a comprehensive release from any claims arising out of the trust litigation.

Witzman and Wolfson's cooperative relationship eventually deteriorated. After Witzman unsuccessfully challenged portions of the settlement agreement and Wolfson's performance under those provisions, she commenced this action against the appellees in Minnesota state court. Her complaint included allegations of breach of trust, aiding and abetting a breach of trust, negligent misrepresentation, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.

In January of 1997, after removing the action, the appellees filed a motion for summary judgment. Witzman then filed a motion to amend her complaint, which the magistrate judge denied after finding that the complaint failed to comply with the brevity and specificity requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure. A second attempt by Witzman to amend her complaint was denied, her counsel was sanctioned, and she was granted leave to submit a new motion to amend, subject to the court's consideration of the pending motion for summary judgment.[3] Witzman subsequently moved the court to dismiss her case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). After a hearing, the district court issued an order granting the appellees's motion for summary judgment, dismissed the action with prejudice and, in effect, denied Witzman's motion to dismiss without prejudice.

## II.

We first consider Witzman's argument that the district court erroneously applied Minnesota law when it granted the appellees summary judgment and dismissed her claim with prejudice. The thrust of her argument is that the district court improperly concluded that she was unable to state a cause of action for either breach of trust or aiding and abetting a breach of trust against Wolfson's attorneys. When considering Witzman's supplemental state-law claims, we are bound by Minnesota law. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Mangold v. California Public Util. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995) ("The Erie principles apply equally in the context of pendent jurisdiction."). "Where state law supplies the rule of decision, it is the duty of federal courts to ascertain and apply that law." Kizzier Chevrolet, Co. v. General Motors Corp., 705 F.2d 322, 329 (8th Cir. 1983) (citing Stoner v. New York Life Ins. Co., 311 U.S. 464 (1940)). We review *de*

---

[3]In view of our disposition of the appeal, we need not rule on the appellees' motion to dismiss that portion of the appeal that challenges the magistrate judge's rulings on the motion to amend the complaint.

*novo* the district court's interpretation of Minnesota law. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

It is a well established rule in Minnesota that an attorney is liable for professional malpractice "only to a person with whom the attorney has an attorney-client relationship." Goldberger v. Kaplan, Strangis & Kaplan, P.A., 534 N.W.2d 734, 738 (Minn. Ct. App. 1995) (review denied) (citing Marker v. Greenberg, 313 N.W.2d 4, 5 (Minn. 1981) (en banc)). Like many jurisdictions, Minnesota recognizes exceptions to this strict privity requirement. See Marker, 313 N.W.2d at 5. A non-client may sue an attorney for professional malpractice when the non-client is a direct, intended beneficiary of the attorney's services. See Goldberger, 534 N.W.2d at 738. Witzman, however, can establish neither that she had an attorney-client relationship with the appellees, nor that she is a direct, intended beneficiary of their services. The appellees were hired by Wolfson to counsel him in his capacity as trustee for the Wolfson family trusts. The appellees' duty and loyalty lie with serving the best interests of the trusts and do not run to Witzman. See id. at 739 (citing Spinner v. Nutt, 631 N.E.2d 542, 546 (Mass. 1994)).

Moreover, as a general rule of trust law, a beneficiary cannot bring an action at law in a trust's stead against a third party for torts or other wrongs. See Uselman v. Uselman, 464 N.W.2d 130, 137 (Minn. 1990) (en banc); Ricke v. Armco, Inc., 92 F.3d 720, 724 (8th Cir. 1996). In Minnesota, this principle extends to beneficiaries who attempt to sue a trustee's attorneys for legal malpractice. See Goldberger, 534 N.W.2d at 739; Anoka Orthopaedic Assocs., P.A. v. Mutschler, 773 F. Supp. 158, 168 (D. Minn. 1991). The rationale for this restriction is three-fold. First, as related above, beneficiaries are not direct recipients of the attorney's services. Second, such a restriction does not completely preclude all malpractice actions against the trustee's attorney. "If a third person commits a tort against trust property, the trustee has a duty to take reasonable steps to compel the tortfeasor to redress the injury." Uselman, 464 N.W.2d at 137. This contingency provides an incentive for the trustee to bring an

-4-

action against a wrongdoing attorney. See Goldberger, 534 N.W.2d at 739. Finally, permitting a beneficiary to sue a trustee's attorney could create an impermissible conflict of interest. See id.; Spinner, 631 N.E.2d at 553-54. Under Minnesota law, the mere potential for a conflict makes a direct action by the beneficiary inappropriate. See Goldberger, 534 N.W.2d at 739. Absent an applicable exception to this principle, Witzman cannot sustain a professional malpractice action against the attorneys.

Witzman contends that Uselman, 464 N.W.2d at 137-38, provides her with an exception to the general rule that beneficiaries cannot sue trustee's attorneys on behalf of a trust. The court in that case recognized that "[w]hen the trustee fails to bring suit against a third party tortfeasor, the beneficiaries may properly bring an action against the trustees and third parties as co-defendants." Uselman, 464 N.W.2d at 137-38; see also Anoka Orthopaedics, 773 F. Supp. at 168. Witzman, who originally named the appellees as defendants, sought to join Wolfson as a defendant in her motions for leave to amend her complaint. She now asserts that by joining Wolfson as a defendant, she can continue with her claims against the attorneys. We do not agree, for to accept Witzman's argument would extend Uselman beyond its facts. The Uselman court, in the process of determining a purely procedural issue regarding a party's right to a jury trial, recognized that a beneficiary may join the trustee and tortfeasor as co-defendants if the trustee's protection of the trust is not forthcoming. Thus, the court described, at most, a mechanism for holding both trustees and third parties responsible when trustees fail to carry out their fiduciary duties. The court neither described nor attempted to create any third party duties to a trust beneficiary.

Goldberger, on the other hand, unequivocally states that a beneficiary cannot proceed directly against a trustee's attorney for professional malpractice. See 534 N.W.2d at 739. Witzman is not a direct recipient of the appellees' services. Moreover, she is not without alternative methods of pursuing her claims. As the Goldberger court suggested, a trustee who fails to bring an action against a wrongdoing attorney may be liable for a fiduciary breach. See 534 N.W.2d at 739. Enabling

Witzman to sue Wolfson's attorneys would create the possibility of an impermissible conflict of interest. We cannot assume that the Minnesota courts would be willing to impose third party duties on a trustee's attorney. A federal court "should proceed with great caution when the effect of its ruling would be to broaden the law beyond the point where any other court has yet ventured." W.A. Wright v. KDI Sylvan Pools, Inc., 746 F.2d 215, 218 (3rd Cir. 1984); see also Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1370 (7th Cir. 1985) ("Federal judges are disinclined to make bold departures in areas of law that we have no responsibility for developing.").

Witzman contends that the district court erred in holding that a cause of action for aiding and abetting a breach of trust does not exist in Minnesota. Citing D.W. v. Radisson Plaza Hotel Rochester, 958 F. Supp. 1368, 1380 (D. Minn. 1997), the court concluded that Minnesota did not recognize such an action. Witzman cites two Minnesota Supreme Court cases for the proposition that aiding and abetting a breach of trust is actionable. See Greenwood v. Evergreen Mines Co, 19 N.W.2d 726, 733 (Minn. 1945); D.E. Virtue v. Creamery Package Mfg. Co., 142 N.W. 930, 939 (Minn. 1919). Because we conclude that her allegations that the appellees aided and abetted a breach of trust are precluded by Goldberger, we need not consider this argument. Her aiding and abetting claim against the attorneys creates the same concerns raised by her breach of trust allegations, and she cannot circumvent the holding in Goldberger by restating her claim as an action for aiding and abetting tortious conduct. Once again, we believe that the prudent course is to hold that Witzman must proceed against Wolfson in order to seek redress for any alleged misconduct by his attorneys.

## III.

Witzman contends that the district court abused its discretion when it denied her motion for voluntary dismissal without prejudice. "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a

dismissal under this paragraph is without prejudice." Fed.R.Civ.P. 41(a)(2). "Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984). We consider the following factors when determining whether a district court abused its discretion in denying a Rule 41(a)(2) motion:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

See Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987).

The appellees have expended considerable effort and money defending against Witzman's action. Witzman has been lacking in diligence in prosecuting this action. Rather than submitting a rebuttal to the appellees' motion for summary judgment, she responded by offering amended complaints that were inconsistent with the Federal Rules and by then seeking voluntary dismissal. "Reasons of judicial economy alone would appear to dictate that one full and fair attempt to prove this claim is enough." Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985). Moreover, we are not persuaded that Witzman has stated a sufficient explanation for her proposed dismissal. As we held in Part II of this decision, Witzman's claims are precluded by Minnesota law. Although she argues that Wolfson's failure to assist her in an action against his attorneys was a violation of their settlement agreement and, as a result, constituted a changed circumstance requiring dismissal without prejudice, she nevertheless cannot proceed against his attorneys on her own. Accordingly, the district court acted within its sound discretion in denying Witzman's motion to voluntarily dismiss without prejudice.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.