## In re CONSERVATORSHIP OF Lawrence Trygve NELSEN.

### No. C7–98–1150.

Court of Appeals of Minnesota.

Jan. 12, 1999.

Ronald R. Frauenshuh, Sr., Frauenshuh, Spooner & Landmark, Paynesville, for appellant Lawrence Nelsen.

Jon C. Saunders, Anderson, Larson, Hanson & Saunders, Willmar, for respondent Brett Aamot, conservator of the estate.

---

Wallace F. Gustafson, Waechter & Gustafson, Willmar, for respondent Norma Nelsen.

Daryl A. MacLean, MacLean Law Firm, Benson, for respondent Presbyterian Family Foundation, conservator of the person.

Considered and decided by PETERSON, Presiding Judge, ANDERSON, Judge, and FOLEY,* Judge.

## OPINION

PETERSON, Judge

After a conservatorship was established over the estate and person of appellant, appellant purportedly hired an attorney who filed a petition requesting modification of the conservatorship and seeking attorney fees. Based on its conclusion that the attorney lacked authority to represent appellant, the district court dismissed the petition. We affirm.

## FACTS

In 1994, respondent Norma Nelsen began a dissolution action against appellant Lawrence Nelsen. Ultimately, Norma Nelsen and appellant agreed to dismiss the dissolution action and establish a voluntary conservatorship of appellant's person and estate and of Norma Nelsen's estate. In October 1996, respondent Brett Aamot was appointed conservator of the estate and person of appellant and of the estate of Norma Nelsen. The order establishing the conservatorship for appellant requires the conservator to "[a]pprove or withhold approval of any contract, except for necessities, which the conservatee may make or wish to make."

In 1997, Aamot filed a petition to sell real estate owned by appellant, and appellant purportedly retained an attorney who filed a petition opposing the sale of the real estate. The attorney also filed a petition seeking removal of Aamot as conservator, appointment of Cheri Hample as conservator of the person, and appointment of a substitute conservator of the estate. In September 1997, the district court issued an order denying

Aamot's petition to sell the real estate, directing Aamot to continue serving as conservator of appellant's estate only, and appointing respondent Presbyterian Family Foundation (Foundation) as conservator of appellant's person.

In December 1997, the attorney whom appellant had purportedly hired filed a petition seeking modification of appellant's conservatorship and requesting attorney fees. In February 1998, the attorney withdrew from representation of appellant, and a second attorney was substituted. The second attorney filed an amended petition setting forth the same facts and seeking the same relief as the December 1997 petition and also requesting additional relief.

The attorney for Aamot as conservator of appellant's estate filed a motion to dismiss the February 1998 petition on the ground that the second attorney lacked authority to represent appellant. Aamot had not approved appellant's hiring of either attorney, and nothing in the record indicates that appellant had retained the first attorney before the conservatorship was established. Neither attorney was appointed by the court to represent appellant, and appellant did not personally sign or file a petition for restoration of capacity. Based on these facts, the district court granted Aamot's motion and dismissed the petition for modification of the conservatorship and attorney fees.

## ISSUE

Did the district court err in dismissing the petition for modification of the conservatorship and attorney fees?

## ANALYSIS

■■■ Statutory interpretation is a question of law subject to de novo review. *Metropolitan Sports Facilities Comm'n v. County of Hennepin*, 561 N.W.2d 513, 515 (Minn. 1997). The object of statutory interpretation is to determine and give effect to the legislature's intent. Minn.Stat. § 645.16 (1998).

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

■ Appellant argues that the statutes allowing a conservatee to petition for restoration of capacity, for modification of a conservatorship, and to prevent or initiate a change of abode should be construed to allow appellant to retain private counsel without approval of his conservator or the court. Those statutes are silent regarding the authority of a conservatee to retain private counsel without approval of his conservator or the court; they neither grant nor withhold the authority to do so. *See* Minn.Stat. § 525.58, subd. 2 (1998) (requiring annual notice to conservatee of right to petition for restoration of capacity or modification of conservatorship); Minn.Stat. § 525.61, subds. 1–2 (1998) (setting forth procedure for obtaining restoration of capacity); Minn.Stat. § 525.56, subd. 3(1) (1998) (permitting a conservatee to petition to prevent or initiate a change of abode). When a statute is ambiguous, the legislature's intent may be determined by examining the need for the law, the circumstances of its enactment, the purpose of the statute, the prior law, if any, the consequences of an interpretation, the legislative history, and administrative interpretations of the law. *See* Minn.Stat. § 645.16 (1998).

> Generally,
>
> Minnesota law recognizes two methods of establishing an attorney-client relationship: a contract theory and a tort theory. Under the contract theory, a plaintiff can show either an express or an implied contract of representation.

*TJD Dissolution Corp. v. Savoie Supply Co., Inc.,* 460 N.W.2d 59, 62 (Minn.App.1990). Under the tort theory,

> [a]n attorney-client relationship is created whenever an individual seeks and receives legal advice from an attorney in circumstances in which a reasonable person would rely on such advice

*Togstad v. Vesely, Otto, Miller & Keefe,* 291 N.W.2d 686, 693 n. 4 (Minn.1980) (quoting Comment, *Attorney Malpractice: Use of Contract Analysis to Determine the Existence of an Attorney–Client Relationship,* 63 Minn. L.Rev. 751, 759 (1979)). Appellant does not claim that an attorney-client relationship was formed under a tort theory, and no request has been made to

have counsel appointed by the court. Any attorney-client relationship must, therefore, be based on a contract of representation. However, under the order establishing the conservatorship for appellant, the conservator is required to "[a]pprove or withhold approval of any contract, except for necessities, which the conservatee may make or wish to make." Because Minn.Stat. § 525.56, subd. 3(5) (1998) expressly authorizes the court to grant that power to a conservator, appellant could not contractually retain an attorney without obtaining his conservator's approval of the contract.

Appellant argues that if a conservatee is not allowed to retain counsel without prior approval of the conservator or the court, the conservatee's rights to petition for restoration of capacity, for modification of a conservatorship, and to prevent or initiate a change of abode could be illusory if a conservator failed to represent the conservatee's best interests. We disagree. Statutory safeguards exist to protect a conservatee's best interests if a conservator fails to represent them. A conservator is "subject to the control and direction of the court at all times and in all things." Minn.Stat. § 525.56, subd. 1 (1998). Also, a visitor may be appointed in every general conservatorship proceeding. Minn. R. Gen. Pract. 416(b).

> "Visitor" means a person who is trained in law, health care, or social work and is an officer, employee, or special appointee of the court with no personal interest in the proceedings.

Minn.Stat. § 525.539, subd. 6 (1998).

We decline to construe the statutes allowing a conservatee to petition for restoration of capacity, for modification of a conservatorship, and to prevent or initiate a change of abode as allowing appellant to retain private counsel without approval of the court or his conservator. We conclude that after a conservatorship is established that requires the conservator to approve or withhold approval of any contract that the conservatee may make or wish to make, except a contract for necessities, a conservatee may not contractually retain an attorney without approval by the conservator or the court. Our conclusion

is consistent with the reason for the requirement that a conservatee cannot make a contract without the conservator's approval, that is, the conservatee is incapacitated. *Cf. In re Conservatorship of Kocemba,* 429 N.W.2d 302, 305 (Minn.App.1988) ("Because the conservatee is considered to be 'incapacitated' under the statute, such incapacity remains until the court determines otherwise on proof submitted by the conservatee. The filing of a voluntary petition for appointment of successor conservator does not affect a present conservatorship and the prior finding of incapacity.").

Because appellant had no authority to retain an attorney without Aamot's approval, and Aamot did not approve any contract between appellant and either of the attorneys who attempted to represent appellant, no attorney-client relationship was established by contract. The petition before the district court was filed by an attorney who had no right to appear on behalf of appellant. *See Broyles v. Califano,* 495 F.Supp. 4, 8 (E.D.Tenn.1979) (no person has right to appear as another's attorney without other's authority). Therefore, the district court properly dismissed the petition. *See In re Guardianship of Foust,* 195 Minn. 289, 291–92, 262 N.W. 875, 876 (1935) (where evidence demonstrated that attorney lacked authority to appear for or represent client, district court properly dismissed appeal from orders of probate court).

## DECISION

Because the attorney who filed appellant's petition for modification of the conservatorship and attorney fees had no authority to appear as appellant's attorney, the district court properly dismissed the petition.

**Affirmed.**