**Alma FRANCIS, Appellant,**

v.

**LaMar PIPER, et al., Respondent.**

**No. C1–99–67.**

Court of Appeals of Minnesota.

Aug. 3, 1999.

G. Craig Howse, Vest & Howse, Minneapolis, and William G. Clelland, Carson, Clelland & Schreder, Minneapolis, for appellant.

Kenneth R. White, Farrish, Johnson & Maschka, Mankato, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, CRIPPEN, Judge, and THOREEN, Judge.

## OPINION

JOHN F. THOREEN, Judge*

Alma Francis challenges the district court's grant of summary judgment dismissing her legal malpractice claim. Because Francis was not Piper's client and was not an intended third-party beneficiary of the attorney-client relationship, we affirm.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

## FACTS

Alma Francis brought this action against LaMar Piper and the Piper Law Firm (collectively Piper), alleging Piper committed legal malpractice when he drafted a series of wills for Walter Heine, Francis's brother. Heine, who had never married, had no children; Francis was his sole sibling and closest living relative. In 1987, after Heine suffered a stroke, the district court appointed a conservator for him.

In 1990, Heine met Linda Resick, a waitress at a deli he frequented. In December 1991, Resick referred Heine, who did not have a will, to Piper. Piper prepared three successive wills for Heine. The first left all of Heine's estate to a church. The second left $20,000 to Resick and the remainder of Heine's estate to a church. The third left all of Heine's estate to Resick. If Heine had not executed a will, Francis would have been Heine's sole heir under the intestacy laws.

After Heine's death, Resick submitted the third will to probate. Francis challenged the will, and eventually reached a settlement with Resick that provided Resick would receive $80,000 and Francis the remainder of Heine's estate. Francis then brought this action against Piper, alleging Piper was negligent because Heine was under a conservatorship, lacked testamentary capacity, and was suffering from the effects of undue influence. Piper moved for summary judgment, asserting Francis could not bring a legal malpractice action against him, and the district court granted his motion. Francis appeals, asserting the district court erred in granting summary judgment and, for the first time on appeal, that Piper is also liable based on a direct negligence action.

## ISSUES

I. May Francis, who was never an intended third-party beneficiary of Heine's attorney-client relationship with Piper,

appointment pursuant to Minn. Const. art. VI, § 10.

bring a legal malpractice claim against Piper?

II. May Francis bring a direct negligence action against Piper on the basis that no attorney-client relationship existed between Piper and Heine?

## ANALYSIS

On appeal from summary judgment, this court examines whether there is any genuine issue of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). This court reviews questions of law de novo. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

### I.

An attorney is liable for professional negligence "to a person with whom the attorney has an attorney-client relationship." *Marker v. Greenberg*, 313 N.W.2d 4, 5 (Minn.1981); *see* Minn. R. Prof. Conduct. 1.1 (duty to provide competent representation to client). In limited cases, an attorney is liable to a non-client third party if "the client's sole purpose in retaining an attorney" is to provide a benefit directly to the third party. *Marker*, 313 N.W.2d at 5. In addition to this intended third-party beneficiary requirement, the supreme court has adopted a multi-factor analysis to determine "the extent of an attorney's duty to a non-client." *Id.*

The requirement that the third party be an intended beneficiary is a threshold requirement for an attorney to have a duty to a third party. In *Marker* and subsequent cases the supreme court's and this court's analyses of an attorney's liability to a third party begin with an examination whether the third party was an intended beneficiary. *See id.* at 5–6 (determining third party was not an intended beneficiary and not reaching multi-factor analysis); *Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan*, 494 N.W.2d 261, 266 (Minn.1992) (deter-

mining third party may be an intended beneficiary and not reaching multi-factor analysis); *Goldberger v. Kaplan, Strangis & Kaplan, P.A.*, 534 N.W.2d 734, 738 (Minn.App.1995) (determining third party was not an intended beneficiary before considering two factors of multi-factor analysis), *review denied* (Minn. Sept. 28, 1995); *Holmes v. Winners Entertainment, Inc.*, 531 N.W.2d 502, 505 (Minn.App.1995) (determining third party was not an intended beneficiary and not reaching multi-factor analysis). This analysis follows the reasoning of the court in *Marker*, which stated:

> The cases extending the attorney's duty to non-clients are limited to a narrow range of factual situations in which the client's sole purpose in retaining an attorney is to benefit directly some third party.

313 N.W.2d at 5. Similarly, in *Admiral Merchants*, the court stated:

> [A]n intended third-party beneficiary may bring an action for legal malpractice in those situations when the client's sole purpose is to benefit the third party directly, and the attorney's negligent act caused the beneficiary to suffer a loss. *In these limited situations,* the determination [of whether to recognize liability] is a matter of balancing the [multi-factor analysis].

494 N.W.2d at 266 (emphasis added) (citing *Marker*, 313 N.W.2d at 5). The language in both cases indicates the intended third-party beneficiary requirement is a threshold requirement for a non-client to bring a legal malpractice action against an attorney.

Other jurisdictions have made this a threshold requirement. *See Needham v. Hamilton*, 459 A.2d 1060, 1062–63 (D.C. 1983) (third party must be an intended beneficiary to bring legal malpractice action against attorney); *Schreiner v. Scoville*, 410 N.W.2d 679, 682 (Iowa 1987) (attorney owes a duty of care to intended third-party beneficiary); *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744, 751–52

(1983) (allowing intended third-party beneficiaries to bring claim against an attorney based on Restatement (Second) of Contracts § 302 (1979)); *Auric v. Continental Cas. Co.*, 111 Wis.2d 507, 331 N.W.2d 325, 328–29 (1983) (emphasizing intended third-party beneficiary requirement). It also follows the position of the Restatement of the Law Governing Lawyers. Under it, an attorney owes a duty

> to a non-client when and to the extent that:
> the [attorney] knows [the] client intends as one of the primary objectives of the representation that the [attorney's] services benefit the non-client.

Restatement (Third) of the Law Governing Lawyers § 73(3) (Tentative Draft No. 8, Mar. 21, 1997); *see also id.* § 73 cmt. f ("A duty to third persons hence exists only when the client intends to benefit the third person as one of the primary objectives of the representation * * *.").

Limiting legal malpractice actions to non-clients who were intended third-party beneficiaries avoids creating a conflict of interest for the attorney by imposing a duty on the attorney to both the client and the third party. If an intended beneficiary brings an action, the action is not

> a case in which the ability of a nonclient to impose liability would in any way affect the control over the contractual agreement held by the attorney and his client, as the interests of the testatrix and the intended beneficiary with regard to the proper drafting and execution of the will are the same.

*Needham*, 459 A.2d at 1062; *see Logotheti v. Gordon*, 414 Mass. 308, 607 N.E.2d 1015, 1018 (1993) (noting danger of "imposing conflicting duties on attorneys"); *Hale v. Groce*, 304 Or. 281, 744 P.2d 1289, 1292 (1987) (where client intends to benefit third party, negligence liability "does not threaten to divide a lawyer's loyalty between the client and a potentially injured third party"); *see also* Minn. R. Prof. R. 1.7 (discussing attorney's duty to avoid conflicts of interest).

Francis is not able to satisfy this threshold requirement to bring a legal malpractice action against Piper. Nothing in the record indicates Heine ever intended to benefit Francis. Moreover, the evidence in the record shows Heine knew that execution of a will would be detrimental to Francis. The district court did not err in granting summary judgment. Because Francis has not shown she was an intended third-party beneficiary of Heine's attorney-client relationship with Piper, we do not reach the multi-factor analysis.

## II.

■■ Francis asserts, for the first time on appeal, that in the alternative she can maintain a direct negligence action against Piper because there was no attorney-client relationship between Piper and Heine. She bases her assertion on *In re Conservatorship of Nelsen*, 587 N.W.2d 649 (Minn. App.1999), decided after the district court granted summary judgment on her claim. This court will generally not consider issues not presented and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). But it may consider an issue not previously raised "to forestall additional litigation." *Franklin v. Western Nat'l Mut. Ins. Co.*, 574 N.W.2d 405, 407 n. 2 (Minn.1998).

■ In *Nelsen*, this court held that a person under a conservatorship that requires the conservator to approve any contract, except a contract for necessities, cannot enter into a contract with an attorney. 587 N.W.2d at 651. Heine was under a similar conservatorship and, thus, could not form a contract with Piper. *But cf. In re Estate of Congdon*, 309 N.W.2d 261, 267 (Minn.1981) (conservatorship, however, not determinative of testamentary capacity).

■ But the attorney-client relationship can also be formed under a tort theory. *See Togstad v. Vesely, Otto, Miller &*

*Keefe,* 291 N.W.2d 686, 693 (Minn.1980). Under the tort theory,

> [a]n attorney-client relationship is created whenever an individual seeks and receives legal advice from an attorney in circumstances in which a reasonable person would rely on such advice.

*Id.* at 693 n. 4. The court in *Nelsen* did not reach the tort theory. 587 N.W.2d at 651. Heine contacted Piper for legal advice on creating a will. A reasonable person would rely on the advice received from Piper under these circumstances. Heine's reliance on Piper's advice created an attorney-client relationship under the tort theory. Moreover, even if there was no attorney-client relationship, Francis has not shown Piper owed her any duty that would serve as the basis for a direct negligence action. Therefore, Francis cannot bring a direct negligence action against Piper.

## DECISION

Francis has not shown she was an intended third-party beneficiary of Heine and, thus, cannot bring a legal malpractice action against Piper.

**Affirmed.**